:. Argued January 20, reversed March 5, 1970

# STATE OF OREGON, *Respondent, v.*
## RICHARD STEVENSON,
### *Appellant.*
#### 465 P2d 720

*Oscar D. Howlett,* Portland, argued the cause and filed the brief for appellant.

*Joseph F. Ceniceros,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before Schwab, Chief Judge, and Fort and Branchfield, Judges.

BRANCHFIELD, J.

The defendant was indicted in Multnomah County for the crime of third degree arson. He pleaded not guilty and was tried before the court without a jury. He was found guilty of the "lesser included crime" of being an accessory after the fact and was placed on probation. Defendant claims the conviction was erroneous.

The charge of third degree arson carries a maximum penalty of three years' imprisonment.[1] An accessory after the fact faces a possible maximum penalty of five years' imprisonment.[2] This disparity alone may not be determinative of the issue, although

---

[1] ORS 164.040:

"Except as otherwise provided in ORS 164.020 and 164.030, any person who wilfully and maliciously or wantonly sets fire to or burns or causes to be burned, or who wilfully and maliciously or wantonly aids, counsels or procures the burning of another's property of any class or character, is guilty of arson in the third degree and shall be punished upon conviction by imprisonment in the penitentiary for not more than three years; or by imprisonment in the county jail for not more than one year."

[2] ORS 161.240:

"Except where a different punishment is prescribed by law, an accessory, upon conviction, shall be punished by im-

it suggests error. The state objects to consideration of claimed error because the defendant made no objection to the trial court's finding. We are of the opinion that we should take cognizance of the error pursuant to rule 46 of the Rules of Procedure of this court even though it was not brought to the attention of the trial court. Otherwise the defendant would stand convicted of a crime with which he was not charged.

■ *State v. Hinkle*, 33 Or 93, 96, 54 P 155 (1898), is authority for the rule that conviction or acquittal as a principal could not successfully be interposed as a plea in bar to an indictment charging one as an accessory after the fact. It follows that the charge of being an accessory after the fact is not a lesser included offense in an indictment for commission of the principal crime.

The state concedes that the rule in Oregon and the majority rule throughout the country is that accessory after the fact is a distinct crime requiring an indictment separate from one charging participation as a principal. But the state asks, on the grounds of public policy, that we abolish common law technicalities and consider all aspects of a crime as being a continuing transaction.

■ The legislature very early (1864) abolished the common law distinction between an accessory before the fact and a principal.[9] It has not taken the same

---

prisonment in the penitentiary for not more than five years, or by imprisonment in the county jail for not less than three months nor more than one year, or by fine of not less than $100 nor more than $500."

[9] ORS 161.220:

"The distinction in felonies between an accessory before the fact and a principal, and between principals in the first and

action with regard to an accessory after the fact. If there are indeed reasons of public policy for making that change in the law, those reasons have not been sufficient to impel the courts, in 111 years of statehood, to take the initiative in making the change. We see no reason for us now to do so. The weighing of conflicting public policy considerations of this nature can better be done by the legislature than the courts.

In *De Jonge v. Oregon,* 299 US 353, 362, 57 S Ct 255, 259, 81 L Ed 278 (1936), the court said:

"* * * Conviction upon a charge not made would be a sheer denial of due process. * * *"

In *Cole v. Arkansas,* 333 US 196, 201, 68 S Ct 514, 92 L Ed 644 (1948), the court said:

"No principle of procedural due process is more clearly established than that notice of a specific charge, and a chance to be heard in the trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal. * * *"

██ Judgment of conviction as an accessory after the fact cannot be sustained upon an indictment charging the principal crime. The court lacks jurisdiction to act upon an offense not brought before it in the manner provided by law. The trial court found that defendant Stevenson was not guilty of the charge contained in the indictment. Due process requires his acquittal.

Reversed.

---

second degree, is abrogated. All persons concerned in the commission of a felony or misdemeanor, whether they directly commit the act constituting the crime or aid and abet in its commission, though not present, are principals and shall be indicted, tried, and punished as principals."