STATE OF OREGON, *Respondent,*

*v.*

DANIEL WEBSTER CARTWRIGHT, *Appellant.*

(No. C 78-05-07671, CA 12273)

595 P2d 1289

David E. Groom, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant appeals from his conviction for attempted assault in the second degree, contending it was error for the trial judge to convict him for this crime after acquitting him of robbery in the first degree, the crime for which he was indicted. The sole issue before us is whether assault in the second degree is a necessarily included offense of robbery in the first degree. We find that it is not and reverse.

ORS 136.465 states:

"In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the accusatory instrument or of an attempt to commit such crime."

In *State v. Washington,* 273 Or 829, 543 P2d 1058 (1975), the Supreme Court interpreted this statute to permit conviction for a lesser offense when it is either necessarily included in the statutory definition of the crime charged or expressly included in the criminal offense as charged in the indictment. 273 Or at 835.

We examine first the statutory definitions. ORS 164.415 defines robbery in the first degree as follows:

"(1) A person commits the crime of robbery in the first degree if he violates ORS 164.395 and he:

"(a) Is armed with a deadly weapon; or

"(b) Uses or attempts to use a dangerous weapon; or

"(c) Causes or attempts to cause serious physical injury to any person.

"(2) Robbery in the first degree is a Class A felony."

ORS 164.395 provides:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft he uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to his

[595]

taking of the property or to his retention thereof immediately after the taking; or

"(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft.

"(2) Robbery in the third degree is a Class C felony."

The definition for assault in the second degree is codified at ORS 163.175.

"(1) A person commits the crime of assault in the second degree if he:

"(a) Intentionally or knowingly causes serious physical injury to another; or

"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or

"(c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life.

"(2) Assault in the second degree is a Class B felony."

ORS 161.405 provides in relevant part:

"(1) A person is guilty of an attempt to commit a crime when he intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

The state argues that since the aggravating element which elevates a defendant's conduct from third to first degree robbery is the use or attempted use of a dangerous weapon, then the elements of second degree assault are included by definition in first degree robbery. A reading of the two statutes shows that this is not the case.

In order for second degree assault to be expressly included in the statutory definition of first degree robbery, the latter crime must include each and every element of second degree assault, plus some additional element or elements. *State v. Cummings,* 33 Or App

[596]

265, 576 P2d 36 (1978). Each of the possible means of committing second degree assault under the above-quoted definition calls for the causing of physical injury to another, whereas one could conceivably commit first degree robbery under either ORS 164.415(1)(a) or (b) by merely being armed with or using a dangerous weapon without actually causing physical injury. Therefore, every element of second degree assault is not necessarily included in first degree robbery. Since attempted second degree assault consists of behavior constituting a substantial step toward causing physical injury, it follows that the attempted crime is not a necessarily included offense of first degree robbery.

Having determined that attempted second degree assault is not a lesser included offense of first degree robbery under the statutory scheme, we turn to the indictment to determine whether the assault crime is "expressly included in the criminal offense as charged." *State v. Washington, supra,* 273 Or at 35.

The indictment reads as follows:
> "The above-named defendant is accused by the Grand Jury of Multnomah County, State of Oregon, by this indictment of the crime of ROBBERY IN THE FIRST DEGREE committed as follows:
>
> "The said defendant, on or about May 12, 1978, in the County of Multnomah, State of Oregon did unlawfully and knowingly threaten the immediate use of physical force upon John Lowell Hays, by swinging a knife at John Lowell Hays, and did attempt to use a dangerous weapon, to-wit:  a knife, while in the course of committing theft of property, to-wit: lawful currency of the United States of America and a knife, with the intent of overcoming resistance to the said defendant's retention immediately after the taking of the said property, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.
>
> "Dated May 24, 1978, at the City of Portland, in the County aforesaid."

[597]

■■ In order for attempted second degree assault to be considered a lesser included offense of first degree robbery under the language of the indictment, all of the elements of the assault crime must appear in the indictment. *State v. Mink,* 30 Or App 339, 342, 567 P2d 1033 *rev den* (1977). The indictment in this case is carefully couched in the statutory language defining first degree robbery. It does not charge second degree assault; nor does it expressly state that defendant attempted to cause physical injury. Although defendant's actions are described, we decline to infer an attempt to cause physical injury, believing that an accused should be given express notice of the charges against him.

Since attempted second degree assault is not a lesser included offense of first degree robbery under either the statutory scheme or the indictment in this case, it was error to convict defendant of second degree assault.

Reversed.