Argued and submitted October 24, 1980, reversed January 19, 1981

# RIGGS,
*Appellant,*

*v.*

# STATE OF OREGON,
*Respondent.*

## (No. C 80-02-30636, CA 18179)

622 P2d 327

Terrance C. Hunt, Portland, argued the cause and filed the brief for appellant.

Rudolph S. Westerband, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

### ROBERTS, J.

This is an appeal from a post-conviction relief proceeding in which plaintiff alleges he was convicted of a crime for which he was not indicted. The trial court granted the state's motion for summary judgment on the ground that the court lacked jurisdiction because petitioner had failed to appeal the issue presented after his original trial. We reverse.

Plaintiff was originally charged by indictment with burglary in the first degree[1] and trial was begun on that charge. The indictment stated:

"The said [plaintiff], on or about May 27, 1978, in the County of Multnomah, State of Oregon, did unlawfully and knowingly enter and remain in a building, to-wit: a dwelling, located at 14622 Southeast Main, with the intent to commit the crime of criminal mischief therein, * * *"

During the presentation of the state's case it became apparent that two of the state's witnesses would not be able to appear. Plaintiff was willing to enter a plea to criminal mischief;[2] however, the state preferred that the court treat it as a finding based on stipulated facts rather than a negotiated plea. The affidavit of the deputy district attorney states in pertinent part:

---

[1] ORS 164.225 provides:

"(1) A person commits the crime of burglary in the first degree if he violates ORS 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom he:

"(a) Is armed with a burglar's tool as defined in ORS 164.235 or a deadly weapon; or

"(b) Causes or attempts to cause physical injury to any person; or

"(c) Uses or threatens to use a dangerous weapon.

"* * * * *."

[2] ORS 164.354 provides:

"(1) A person commits the crime of criminal mischief in the second degree if:

"(a) He violates ORS 164.345, and as a result thereof, damages property in an amount exceeding $100; or

"(b) Having no right to do so nor reasonable ground to believe that he has such right, he intentionally damages property of another, or, he recklessly damages property of another in an amount exceeding $100.

"* * * * *."

> "That myself and counsel for the defendant discussed the matter at length and it was my concern, which I made known to him, that drafting a new charging document and dismissing the burglary outright would not be appropriate in this instance due to the fact that it was felt by me that the defendant should be taking responsibility for what he had done and that the matter should be ultimately judged to be a finding of Guilty as a lesser included offense under the initial indictment.
>
> "Even though at one time defense counsel asked that the matter be culminated by the drafting of a new document charging the defendant with Criminal Mischief in the Second Degree. It was agreed between us that the parties would enter into a stipulated trial with a finding of Guilty of Criminal Mischief in the Second Degree as a lesser included offense in the initial indictment for Burglary in the First Degree. * * *."

Thus plaintiff was charged with burglary but convicted of criminal mischief, which is not a lesser included offense of burglary.[3] He asserts that this fact should afford him post-conviction relief.

■    The state contends that under these circumstances, where the plaintiff knowingly and voluntarily participated in the procedural irregularity, plaintiff cannot now claim there was a denial of due process. We conclude, however, that even though there was acquiescence on the part of plaintiff in the decision to reduce the charge without a new indictment, and in spite of the fact no appeal was taken, the post-conviction petition should have been granted because the trial court lacked jurisdiction to enter a conviction of criminal mischief against plaintiff.

■■    The pertinent statutory provision is ORS 138.530(1)(b), which provides:

> "(1)   Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:
> "* * * * *
> "(b)   Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction."

---

[3] The state accepts plaintiff's contention that criminal mischief is not a lesser included offense of burglary.

This statute refers both to jurisdiction over the parties and the offense charged. Thus, if petitioner were a 16 year old tried for an adult offense in circuit court without having been remanded from juvenile court, ORS 138.530(1)(b) would apply. *See State v. Saunders,* 1 Or App 620, 623, 464 P2d 712, *rev den* (1970). Similarly, if petitioner had been tried in district court for a felony, relief would be available. Here, the criminal trial court had the authority to try offenses such as the one for which petitioner was convicted and had personal jurisdiction over the defendant. However, jurisdiction also requires a charging instrument which properly accuses a defendant of the crime for which a conviction is obtained. *See* 5 *Wharton's Criminal Procedure* 7, § 225 (Torcia, 1976).

A formal accusation, in addition to enabling a defendant to prepare his defense, protects a defendant against double jeopardy and informs the court of the facts alleged so that it can decide whether they are sufficient to support a conviction. An indictment or information charging a crime is a necessary preliminary to a conviction by the court for that crime. No waiver or consent by defendant to a criminal prosecution can confer jurisdiction or authorize a conviction in the absence of an accusation charging a violation of the criminal law. *Albrecht v. United States,* 273 US 1, 47 S Ct 250, 71 L Ed 505 (1926).

There are two principal reasons why an indictment is not subject to waiver by the accused:

"(1) * * * such a formal accusation is jurisdictional and hence cannot be waived, under the general rule that jurisdiction of the subject matter cannot be conferred by the consent of the parties; and (2) being a constitutional right of a fundamental nature, the state, as well as the individual, has an interest therein and the interest of the state cannot be waived by the individual." 5 *Wharton's Criminal Procedure, Supra,* at 13 § 227.

We stated this rule in *State v. Stevenson,* 2 Or App 38, 465 P2d 720 (1970): "(A) court lacks jurisdiction to act upon an offense not brought before it in the manner provided by law." We also noted that:

"In *DeJonge v. Oregon,* 299 US 353, 362, 57 S Ct 255, 259, 81 L Ed 278 (1936), the court said:

" '* * * conviction upon a charge not made would be a sheer denial of due process. * * * ' "[2] Or App at 41.

The parties here could not by agreement avoid the requirement of a new indictment nor could they by agreement confer jurisdiction on the court. *Fox et ux v. Lasley,* 212 Or 80, 318 P2d 933 (1957).

■ ■ We also conclude that petitioner is not foreclosed in seeking relief in a post-conviction proceeding. ORS 138.550 provides:

"The effect of prior judicial proceedings concerning the conviction of petitioner which is challenged in his petition shall be as specified in this section and not otherwise:

"(1) The failure of petitioner to have sought appellate review of his conviction, or to have raised matters alleged in his petition at his trial, shall not affect the availability of relief under ORS 138.510 to 138.680. * * *"

"* * * * *."

While the latter statute has been interpreted as not avoiding the requirement that certain errors be raised on direct appeal, *Lerch v. Cupp,* 9 Or App 508, 497 P2d 379 (1972); *North v. Cupp,* 254 Or 451, 461 P2d 271 (1969), the Supreme Court said in *State v. Hopkins,* 227 Or 395, 362 P2d 378 (1961), "* * * objections to the jurisdiction of the court are never waived." 227 Or at 397.

We hold that where the trial court lacked jurisdiction to enter a conviction and where the defendant did not appeal that question, the conviction can, nonetheless, be set aside in a post-conviction relief proceeding.

Reversed.