Argued and submitted May 30, reversed August 8, 1990

STATE OF OREGON,
*Respondent,*

*v.*

MATTIE ANN MARTZ,
*Appellant.*

(10-88-04062; CA A61146)

795 P2d 616

Henry M. Silberblatt, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Michael Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals her conviction for frequenting a place where controlled substances are used. ORS 167.222. She argues that the trial court lacked authority to enter a judgment of conviction for that crime, because it is not a lesser included offense of unlawful possession of a controlled substance, ORS 475.992, the only offense for which she was indicted. We reverse.

The state concedes that the elements of frequenting are not necessarily included in the statutory definition of possession.[1] It also acknowledges that the indictment did not allege facts establishing the elements of frequenting. It follows that the trial court lacked authority to convict defendant for that offense. *See State v. Moroney,* 289 Or 597, 616 P2d 471 (1980).

The state argues that we should not consider the trial court's error, because defendant failed to preserve it below. However, the error is plain on the face of the record. Accordingly, we reverse the conviction.

Reversed.

---

[1] Under ORS 167.222(1),

"[a] person commits the offense of frequenting a place where controlled substances are used if the person keeps, maintains, frequents, or remains at a place, while knowingly permitting persons to use controlled substances in such place or to keep or sell them in violation of ORS 475.005 to 475.285, 475.295 and 475.940 to 475.995."

The word "permitting" in the statute means

"that one who, (1) having legal authority over persons who use, keep, or sell illegal controlled substances, at the specified place where the defendant frequents or remains, (2) authorizes or consents to such use, possession, or sale." *State v. Pyritz,* 90 Or App 601, 605, 752 P2d 1310 (1988).

ORS 475.992(4) states, in pertinent part:

"It is unlawful for any person knowingly or intentionally to possess a controlled substance * * *."

The statutory definition of "possess" is "to have physical possession or otherwise to exercise dominion or control over property." ORS 161.015(8).