Argued and submitted September 12, 1992, affirmed March 31, 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# WALTER EUGENE LYNCH,
*Appellant.*

(C91-07-33587; CA A72736)

849 P2d 556

Curtis A. Shelton, Vancouver, Washington, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

In a stipulated facts trial, defendant was convicted of manufacture, delivery and possession of marijuana, ORS 475.992, and was sentenced separately on all counts. He assigns error to the trial court's denial of his motion to suppress evidence seized from his house pursuant to a search warrant. He also argues that the delivery and possession charges should have merged for purposes of sentencing. We affirm.

Acting on a tip from an unnamed informant that defendant grew marijuana in his basement, a police officer went to defendant's house and, at two different places on the outside, smelled what he thought was marijuana. He observed that the basement windows of the house were covered with black plastic. Also, he discovered that defendant's house used unusually high levels of electricity, which can indicate that marijuana is being grown indoors with artificial light.

With the exception of the description of the covering on the basement windows, the police officer stated those facts in a typewritten affidavit that he presented in support of a search warrant. Before signing the warrant, the judge instructed the officer to handwrite a sentence about the basement windows on the affidavit. The affidavit was later lost and could not be filed with the court clerk as required by ORS 133.615(3).[1] Instead, the copy retained by the police was filed.

At the suppression hearing, there was conflicting testimony concerning whether the handwritten note on the original affidavit was accurately transferred to the copy of the affidavit. The trial court denied the motion to suppress. It made no findings about the contents of the handwritten note, although we can infer from the record that it found that the copy accurately reflected the typewritten portions of the original affidavit.

---

[1] ORS 133.615(3) provides, in part:

"[T]he issuing judge shall file the warrant and list returned to the judge, with the record of the proceedings on the application for the warrant made pursuant to ORS 133.555."

■    On appeal, defendant assigns error to the denial of his motion to suppress. He argues that the entire affidavit should be disregarded, because the original was not filed in compliance with ORS 133.615(3). The issuing judge filed an exact copy of the typed portions of the affidavit. At least as to the typed portions, the loss of the original did not prejudice defendant in connection with the motion to suppress or subsequent review. Because the trial court never found that the handwritten note about the basement windows was accurately transcribed, we would ordinarily send the case back to the trial court for findings. *See State v. Wise*, 305 Or 78, 82 n 2, 749 P2d 1179 (1988). However, without considering the handwritten note, the affidavit establishes probable cause, and there is no need for a remand for findings.

The typed portion of the affidavit stated that an unnamed informant had described marijuana growing in the house, that electrical usage at the house had increased substantially since defendant had moved in, and that a police officer familiar with how marijuana is grown indoors had smelled marijuana while standing near the house.

■    The state concedes that the affidavit did not establish the unnamed informant's reliability or the basis for the informant's knowledge, as required by *State v. Young*, 108 Or App 196, 816 P2d 612 (1991), *rev den* 314 Or 392 (1992). Therefore, the unnamed informant's information must be excised. If probable cause for the search warrant exists, it must be established by the remaining information: increased electrical usage and the odor of marijuana that apparently wafted from the house.

■■    ORS 133.555(2) requires that, before issuing a warrant, the judge must find that "there is probable cause to believe that the search will discover things specified in the application." "Probable cause" exists when a reasonable person would believe that it is more likely than not that the things specified in the application will be found. *State v. Chambless*, 111 Or App 76, 80, 824 P2d 1183, *rev den* 313 Or 210 (1992). In reviewing the sufficiency of an affidavit, we examine the facts in the affidavit along with any reasonable inferences that can be drawn from them. We hold that a reasonable person could believe that a police officer's report of an odor of marijuana, detected at two different points near

the house, coupled with high levels in electrical usage, makes it more likely than not that a marijuana growing operation would be discovered in the house.

■        Finally, defendant assigns error to the separate convictions for possession and delivery, arguing that the convictions should merge. Convictions for delivery and possession of a controlled substance do not merge. *State v. Sargent*, 110 Or App 194, 822 P2d 726 (1991).

Affirmed.