Argued and submitted July 10, 1995, reversed and remanded with instructions
April 17, 1996

## STATE OF OREGON,
*Respondent,*

*v.*

## LORETTA LEE GUZMAN,
*Appellant.*

(C9307-34545; CA A83722)

914 P2d 1120

Daniel C. Lorenz argued the cause for appellant. With him on the brief was Todd R. Worthley.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Harrison Latto, Assistant Attorney General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Defendant appeals her conviction for possession of a controlled substance. ORS 475.992(4). On our own motion, we vacate defendant's conviction on the ground that the trial court was without authority to enter a conviction on a charge for which defendant was not indicted.

The pertinent facts are not disputed. Defendant was indicted by a grand jury as follows:

### "COUNT 1

### "DELIVERY OF A CONTROLLED SUBSTANCE

"The said defendant, on or about June 2, 1993, in the County of Multnomah, State of Oregon, did unlawfully and knowingly deliver cocaine, a controlled substance, listed in Schedule II, contrary to the Statutes in such cases made and provided and against the peace and dignity of the State of Oregon.

"The state further alleges that the above-described delivery was for consideration.

### "COUNT 2

### "MANUFACTURE OF A CONTROLLED SUBSTANCE

"The said defendant, on or about June 2, 1993, in the County of Multnomah, State of Oregon, did unlawfully and knowingly manufacture cocaine, a controlled substance, listed in Schedule II, contrary to the Statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

Although the indictment did not charge defendant with the offense of possession of a controlled substance and does not contain any factual allegation to that effect, the parties apparently agreed that the offense of possession of a controlled substance is a lesser included offense of the offense of manufacture of a controlled substance and the offense of delivery of a controlled substance. As a result, the offense of possession of a controlled substance was submitted to the jury as a "lesser included" offense.

The jury was unable to reach a decision on the delivery charge, and that charge ultimately was dismissed. The jury found defendant not guilty on the manufacturing charge, but it did find defendant guilty of the "lesser included" charge of possession of a controlled substance. The trial court entered a judgment.[1] Defendant appeals, assigning error to the trial court's denial of her pretrial motions to suppress evidence.

■■ Before addressing the merits of defendant's appeal, we are obliged to determine whether the trial court had jurisdiction to enter the conviction. *See State v. Rudder/Webb,* 137 Or App 43, 47, 903 P2d 393 (1995), *rev allowed* 322 Or 489 (1996) (stating that trial court was obliged to dismiss a case because the accusatory instrument did not invoke its jurisdiction); *Greeninger v. Cromwell,* 127 Or App 435, 438, 873 P2d 377 (1994). As a general rule, a court lacks jurisdiction to enter a conviction on a charge for which a defendant has not been indicted. As this court explained in *Riggs v. State of Oregon,* 50 Or App 109, 622 P2d 327 (1981):

> "[T]he criminal trial court had the authority to try offenses such as the one for which petitioner was convicted and had personal jurisdiction over the defendant. However, jurisdiction also requires a charging instrument which properly accuses a defendant of the crime for which a conviction is obtained. *See* 5 *Wharton's Criminal Procedure* 7, § 225 (Torcia, 1976).

> "* * * An indictment or information charging a crime is a necessary preliminary to a conviction by the court for that crime. No waiver or consent by defendant to a criminal prosecution can confer jurisdiction or authorize a conviction in the absence of an accusation charging a violation of the criminal law. *Albrecht v. United States,* 273 US 1, 47 S Ct 250, 71 L Ed 505 (1926).

> "There are two principal reasons why an indictment is not subject to waiver by the accused:

---

[1] The judgment expressly states that defendant was found not guilty of the manufacturing charge and that defendant was found guilty of possession of a controlled substance. The judgment does not expressly state whether the jury found defendant guilty or not guilty of the delivery charge. In the light of our disposition, we need not address the question whether that judgment is appealable.

" '(1)    * * * such a formal accusation is jurisdictional and hence cannot be waived, under the general rule that jurisdiction of the subject matter cannot be conferred by the consent of the parties * * *.' 5 *Wharton's Criminal Procedure, supra,* at 13 § 227.

"We stated this rule in *State v. Stevenson,* 2 Or App 38, 465 P2d 720 (1970): '(A) court lacks jurisdiction to act upon an offense not brought before it in the manner provided by law.' * * *

"* * * * *

"The parties here could not by agreement avoid the requirement of a new indictment nor could they by agreement confer jurisdiction on the court. *Fox et ux v. Lasley,* 212 Or 80, 318 P2d 933 (1957)[, *overruled on other grounds in Hawkins v. Hawkins,* 264 Or 221, 237, 504 P2d 709 (1972)]."

*Riggs,* 50 Or App at 113-14; *see also Rudder/Webb,* 137 Or App at 47 (stating that an accusatory instrument is the pleading from which a court determines jurisdiction and that if the instrument does not invoke the court's jurisdiction, then the court has no authority to proceed on the instrument); *State v. Cartwright,* 40 Or App 593, 598, 595 P2d 1289 (1979) (holding that it was "error" to convict the defendant for an offense that was neither alleged nor a lesser included offense of the charges in the indictment); *State v. Martz,* 103 Or App 105, 106, 795 P2d 616 (1990).

A court does have jurisdiction to enter a conviction on an offense not expressly charged in the indictment if that offense is a lesser included offense of one that actually does appear in the indictment. *See State v. Woodson,* 315 Or 314, 319, 845 P2d 203 (1993). Whether one offense is a lesser included of another is determined by satisfying either one of two tests: (1) that one offense is "necessarily included" in the other, by virtue of the elements of the former being subsumed in the latter; or (2) that the facts alleged in the indictment expressly include conduct that describes the elements of the lesser included offense. *State v. Moroney,* 289 Or 597, 600-01, 616 P2d 471 (1980) (stating rule); *State v. Washington,* 273 Or 829, 838, 543 P2d 1058 (1975); *Martz,* 103 Or App at 106; *Riley v. Cupp,* 56 Or App 467, 471, 642 P2d 333, *rev den* 293 Or 146 (1982).

■ In this case, the indictment does not charge defendant with the offense of which she was convicted: possession of a controlled substance. She was charged only with delivery and manufacture. The question, then, is whether possession of a controlled substance is a lesser included offense of either delivery or manufacture of a controlled substance. If it is not, then, under this court's decision in *Riggs*, the trial court lacked jurisdiction to enter the conviction.

We first examine whether the charge of possession is necessarily included in the statutory definition of either the crime of delivery of a controlled substance or the crime of manufacture of a controlled substance. On the question whether a charge of possession is a lesser included offense of a charge of delivery, our decision in *State v. Sargent*, 110 Or App 194, 822 P2d 726 (1991), is instructive. In that case, the defendant appealed the trial court's decision to merge his sentences for delivery and possession of a controlled substance that arose out of the same act.[2] The state argued that merger was inappropriate because the possession offense requires proof of an element that the delivery offense does not and *vice versa*. Specifically, the state argued that "delivery" requires a transfer or an attempted transfer while "possession" does not; and "possession" requires an actual or constructive possession while "delivery" does not. *Id.* at 197. We agreed, concluding that "possession and delivery do not merge as a matter of law, because it is possible to commit the crime of delivery without having a possessory interest in the controlled substance." *Id.* at 198.[3] We followed that rule more recently in *State v. Lynch*, 119 Or App 97, 101, 849 P2d 556 (1993). We turn to the question whether possession of a controlled substance is a lesser included offense of manufacture of a controlled substance.

---

[2] ORS 161.067(1), the relevant merger statute, provides:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

[3] In accepting the state's argument, we overruled our prior decisions that held that convictions for delivery and possession merge when they are part of the same transaction. *State v. Sargent*, 110 Or App 194, 198, 822 P2d 726 (1991).

On that point, our decision in *State v. Brown / Ford*, 106 Or App 291, 807 P2d 316, *rev den* 311 Or 427 (1991), is similarly instructive. In that case, we held that convictions for manufacture and possession of a controlled substance could not be merged, because "[e]ach of the statutory provisions defining possession and manufacture of a controlled substance requires proof of an element that the other does not[.]" *Id.* at 297. We followed that rule more recently in *State v. Heneghan*, 108 Or App 637, 638, 816 P2d 1175 (1991), *rev den* 312 Or 588 (1992).

Because possession of a controlled substance is not necessarily included in the statutory definition of either delivery or manufacture of a controlled substance, we must determine whether the indictment nevertheless contains allegations expressly charging defendant with that offense. The indictment alleges only that defendant "delivered" and "manufactured" a controlled substance. It contains no other allegations, certainly none sufficient to inform defendant that she was being charged with possession of a controlled substance. Therefore, we conclude that, in the light of the statutory definitions of the relevant offenses and the allegations of the indictment, defendant was not charged with possession of a controlled substance. As a result, the trial court lacked authority to enter a conviction for that offense.

We are well aware that defendant raised no objection to the indictment and proceeded throughout the course of the trial on the assumption that possession of a controlled substance is a lesser included offense of the offenses charged in the indictment. Nevertheless, as this court stressed in *Riggs*, a defendant cannot confer on the trial court the authority to enter a judgment on an unindicted crime even if he or she "knowingly and voluntarily participated in the procedural irregularity." *Riggs*, 50 Or App at 112-14. We have no choice but to set aside defendant's conviction for possession of a controlled substance.

Reversed and remanded with instructions to vacate conviction.