Submitted on record and briefs March 2, reversed and remanded with instructions
April 25, 2001

## STATE OF OREGON,
*Respondent,*

*v.*

## LORI ANN WHITE,
*Appellant.*

## (M05435; CA A110855)

22 P3d 1233

Lori Ann White filed the brief *pro se*.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction on a charge of harassment. She argues that the evidence was insufficient to prove the charge. The state contends that the evidence was sufficient, but it concedes that the conviction nevertheless must be reversed on other grounds. We accept the concession and reverse and remand with instructions to vacate the conviction.

Defendant was charged by complaint with disorderly conduct as follows:

> "The defendant on March 14, 2000, in Union County, Oregon, did unlawfully and recklessly create a risk of public inconvenience, annoyance and alarm by engaging in fighting and threatening behavior, to wit: fighting, yelling and hitting Murray Burgendee in the ear; contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

The prosecution reduced the charge to a violation. Defendant represented herself in a trial to the court. She did not move for a judgment of acquittal. The trial court found her not guilty of disorderly conduct, but convicted her of harassment by offensive physical contact as a lesser-included offense. Defendant did not object to the court's finding that harassment was a lesser-included offense of disorderly conduct, nor did she move for a judgment of acquittal on that charge.

On appeal, defendant argues that the evidence at trial did not constitute harassment. The state contends that, although it believes the evidence is sufficient, the issue is beside the point, because the court lacked jurisdiction to enter the judgment of conviction. According to the state, harassment is not a lesser-included offense of disorderly conduct, and, under our decision in *State v. Guzman*, 140 Or App 347, 914 P2d 1120 (1996), we must address the issue whether it has been preserved or even asserted by the parties on appeal.

■ The state is correct that, under *Guzman*, we are obliged to determine whether the trial court had the jurisdiction to enter the conviction. *Id.* at 350-51. It is also correct

that a court lacks jurisdiction to enter a conviction on an offense not expressly charged in the indictment, unless it is a lesser-included offense of the one that is expressly charged. *Id.*

■ In addition, the state also is correct that the offense of harassment is not a lesser-included offense of disorderly conduct. A crime is a lesser-included of another if either it is "necessarily included" in the greater offense, because its elements are subsumed in the greater offense, or it is specifically pleaded in the charging instrument. *State v. Moroney*, 289 Or 597, 600-01, 616 P2d 471 (1980). The elements of disorderly conduct as pleaded in this case are that defendant (1) intentionally or recklessly created a risk of public inconvenience, annoyance, or alarm by (2) engaging in fighting or in violent, tumultuous, or threatening behavior. ORS 166.025(1)(a). Harassment may be committed in various ways, but in this case, the trial court found that defendant had committed the offense by offensive physical contact. That sort of harassment requires proof that defendant (1) intentionally harassed or annoyed another person by (2) subjecting the other person to offensive physical contact. ORS 166.065(1)(a)(A).

■ ■ The elements of harassment are not necessarily included in the offense of disorderly conduct. Disorderly conduct does not require proof of an intent to harass; it requires only that a defendant recklessly create a risk of public inconvenience. Moreover, disorderly conduct requires proof of mere threatening behavior, while harassment requires proof of actual offensive physical contact. Nor are the elements of harassment by offensive physical contact alleged in the charging instrument. While harassment requires intentional conduct, the complaint alleges that defendant acted recklessly. Harassment by offensive physical contact therefore is not a lesser-included offense of disorderly conduct, and the trial court was without jurisdiction to enter the conviction against defendant.

We commend the state for bringing the issue to our attention.

Reversed and remanded with instructions to vacate the conviction.