Submitted May 28, affirmed September 24, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AUSTIN TYLER DANIEL,
*Defendant-Appellant.*

Marion County Circuit Court
05C48934; A132928

193 P3d 1021

Peter Gartlan, Chief Defender, Legal Services Division, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Attorney-In-Charge, Capital Cases, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

SCHUMAN, J.

**SCHUMAN, J.**

■     Defendant appeals from a judgment of conviction for possession of a controlled substance, *former* ORS 475.992(4) (2003), *renumbered as* ORS 475.840(3) (2005), raising two assignments of error. First, he argues that the trial court lacked jurisdiction to enter a conviction for *possession* of a controlled substance because he was not charged with that offense in the indictment; rather, he was charged with *delivery* of a controlled substance. Second, he argues that, under *State v. Birchfield*, 342 Or 624, 157 P3d 216 (2007), the trial court erred in admitting a laboratory report without testimony from the criminalist who prepared it and that, although he did not preserve that claim of error, it is "apparent on the face of the record," ORAP 5.45(1), and we should exercise our discretion to review it. We conclude that the trial court had jurisdiction to enter a conviction for possession of a controlled substance even though that crime was not alleged or implicit in the indictment. We also decline to exercise our discretion to review the erroneously admitted hearsay evidence regarding the content of the laboratory report. We therefore affirm.

The relevant facts are undisputed. Two Salem police officers stopped defendant because they believed that he was carrying a controlled substance. The officers obtained defendant's consent to search his backpack, where one of them found a small amount of marijuana and a sandwich bag containing six individually wrapped bags of psilocybin mushrooms. The other officer questioned defendant about the mushrooms. Defendant said that he had acquired them the previous week and that he was planning to share them with his friends.

■■     Defendant was indicted on one count of *delivery* of a controlled substance. *Former* ORS 475.992(1) (2003), *renumbered as* ORS 475.840(1) (2005). The indictment alleged that defendant "did unlawfully and knowingly *deliver* for consideration psilocybin or psilocin, a Schedule I controlled substance." (Emphasis added.) The indictment was amended to remove the phrase "for consideration." A stipulated facts trial ensued. After the state submitted its evidence without any objection from defendant, the following dialogue occurred:

"THE COURT: All right. Based on the stipulation, I'll enter a finding of guilty.

"[DEFENSE COUNSEL]: I was actually going to give a small argument about that, Your Honor.

"THE COURT: Okay.

"[DEFENSE COUNSEL]: That is that we do not believe actually that the evidence in the police reports would support a finding of Delivery of a Controlled Substance. We believe that the evidence is more indicative of Possession.

"THE COURT: She just now read [*sic*: removed?] [']for Consideration.[']

"[PROSECUTION]: For Consideration, but it's still Delivery, Your Honor. He does tell Officer Miller that he is planning on sharing the items with his friends and that would be constructive delivery, Your Honor.

"THE COURT: I'll strike Delivery. Sharing with friends is not dealing. I find him guilty of Possession."[1]

Defendant first argues that the trial court erred in convicting him of possession of a controlled substance because he was not indicted for that crime. He recognizes that, not only did he fail to object to the alleged error, he probably invited it. He also recognizes that the error is not subject to our review on the ground that it is "apparent on the face of the record." ORAP 5.45(1). He nonetheless argues that we can and should review it, because the error is "jurisdictional" and can therefore be raised at any stage of the proceedings. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 383, 823 P2d 956 (1991) (lack of subject matter jurisdiction can be raised at any stage of proceedings). His argument relies on *Riggs v. State of Oregon*, 50 Or App 109, 622 P2d 327 (1981), and *State v. Guzman*, 140 Or App 347, 914 P2d 1120 (1996). In those cases, he points out, we reversed convictions after concluding that the trial court lacked jurisdiction to enter a conviction for possession of a controlled substance on an indictment charging delivery because the former is not a lesser offense included in the latter. *Guzman*, 140 Or App at 353; *Riggs*, 50

---

[1] We express no opinion regarding whether "[s]haring with friends is not dealing."

Or App at 113. One offense is a lesser offense included in another offense only when "(1) * * * the elements of the former [are] subsumed in the latter; or (2) * * * the facts alleged in the indictment expressly include conduct that describes the elements of the [supposedly] lesser included offense." *Guzman*, 140 Or App at 351 (citing *State v. Moroney*, 289 Or 597, 600-01, 616 P2d 471 (1980)).

■ The state concedes that possession of a controlled substance is not a lesser offense included in delivery of a controlled substance, and we agree. *Guzman*, 140 Or App at 352. The state also concedes that, under *Riggs* and *Guzman*, the trial court lacked jurisdiction to enter the conviction, and we agree that those cases so hold. The state argues, however, that those cases are inconsistent with subsequent cases from the Supreme Court and this court, even though the subsequent cases are not precisely on point. We agree with that proposition as well.

The key Supreme Court case is *State v. Terry*, 333 Or 163, 37 P3d 157 (2001), *cert den*, 536 US 910 (2002). The defendant in *Terry* was convicted of aggravated murder. During the penalty phase, the jury was asked to determine whether the defendant had caused the deceased's death deliberately, even though the indictment did not allege that fact. *Id.* at 185. The defendant did not raise an objection at trial based on jurisdictional grounds. *Id.* On appeal, however, he argued that the state's failure to plead "deliberation" in the indictment rendered the indictment defective and therefore deprived the trial court of subject matter jurisdiction over the deliberation question. *Id.* For that reason, he argued, the appellate court could review the claimed error despite the fact that it was not preserved below. *See Ailes*, 312 Or at 383 (court can review unpreserved claim that trial court lacked subject matter jurisdiction). The court explained why the defendant was incorrect:

> "Subject matter jurisdiction defines the scope of proceedings that may be heard by a particular court of law and is conferred by statute or the constitution. * * * Under the Oregon Constitution, circuit courts have subject matter jurisdiction over all actions unless a statute or rule of law divests them of jurisdiction. *See* Or Const, Art VII (Amended), § 2 (not changing jurisdictional scheme set out

in original Article VII); Or Const, Art VII (Original), § 9 (all jurisdiction not vested by law in another court shall be vested in circuit courts). In particular, the Oregon Constitution states that, once a person has been indicted by a grand jury, that person can be charged 'in a circuit court with the commission of any crime punishable as a felony.' Or Const, Art VII (Amended), § 5(3). The trial court therefore had subject matter jurisdiction to try defendant for the crime of aggravated murder, even if the indictment arguably was defective."

*Terry*, 333 Or at 186 (footnotes omitted). The court also noted, "An indictment, if it is defective, may be reviewed for error rather than for lack of subject matter jurisdiction." *Id.* at 186 n 15.[2]

We applied *Terry* in *State v. Caldwell*, 187 Or App 720, 69 P3d 830 (2003), *rev den*, 336 Or 376 (2004). In that case, the defendant was convicted of carrying a concealed dagger. The indictment, however, failed to allege that the dagger he carried was, in fact, concealed. *Id.* at 722. The defendant did not demur to the indictment at trial; instead, he raised the issue for the first time on appeal. *Id.* We noted that, although many of our earlier cases held that a defendant could challenge the sufficiency of an indictment for the first time on appeal, those cases "have been vitiated by the decision in *Terry*." *Caldwell*, 187 Or App at 723. We then concluded:

"*Terry* is significant in two respects. First, it expressly holds that the failure of an indictment to allege facts sufficient to constitute an offense is not a jurisdictional defect. Second, *Terry* establishes that the merits of such a claim can be considered for the first time on appeal only if the claim qualifies as plain error."

*Caldwell*, 187 Or App at 724.

Neither *Terry* nor *Caldwell* expressly holds that an appellate court may review an unpreserved claim that the

---

[2] The court in *Terry* probably took its cue from the United States Supreme Court's opinion in *United States v. Cotton*, 535 US 625, 122 S Ct 1781, 152 L Ed 2d 860 (2002). In that case, the Court overruled *Ex parte Bain*, 121 US 1, 7 S Ct 781, 30 L Ed 849 (1887) (defective indictment deprives court of jurisdiction). *Cotton*, 535 US at 631.

trial court convicted the defendant of a crime that was different from the crime alleged in the indictment. Thus, neither case expressly overrules *Riggs* or *Guzman*. Rather, *Terry* and *Caldwell* hold that an appellate court can review an unpreserved claim that the trial court convicted the defendant of something that, due to a deficiency in the indictment, was not a crime at all. The principle underlying *Terry* and *Caldwell*, however, dictates that *Riggs* and *Guzman* must now be overruled. If a trial court has jurisdiction over a case in which the defendant is accused by an indictment that does not allege any crime, surely the court has jurisdiction over a case in which the defendant is accused of a crime that differs from the crime of conviction. The underlying principle—a defect in the indictment is not a jurisdictional error—applies with at least equal force, if not more force, in the latter situation. As the Supreme Court explained in *Terry*, "circuit courts have subject matter jurisdiction over all actions unless a statute or rule of law divests them of jurisdiction." 333 Or at 186. Neither any statute nor the Oregon or United States constitutions divests a circuit court of jurisdiction based on a defective indictment. *See United States v. Cotton*, 535 US 625, 631, 122 S Ct 1781, 152 L Ed 2d 860 (2002) (United States Constitution); *Terry*, 333 Or at 186 (Oregon Constitution). Thus, the trial court in the present case erred, but the error was not "jurisdictional." Defendant's failure to object to that error at trial or to establish that it is apparent on the face of the record is therefore fatal to his claim of error on appeal.

■    In a second assignment of error, defendant argues that the admission of a laboratory report identifying the substance in his possession as psilocybin mushrooms was plain error under *Ailes* and that we should exercise our discretion to correct the error. He relies on *Birchfield*, 342 Or at 631-32, in which the Supreme Court held that the statute placing the burden on the defendant to subpoena the criminalist who prepared a laboratory report, ORS 475.235 (2005), *amended by* Or Laws 2007, ch 636, § 1, violated the defendant's right to confrontation under Article I, section 11, of the Oregon Constitution.

■    We have concluded that, even if the admission of the laboratory report is plain error, we will not exercise our discretion to correct the error where the record is susceptible to

an inference that the defendant consciously chose not to object to the admission of the laboratory report because he would not have gained anything by doing so. *State v. Ascencio-Galindo*, 220 Or App 600, 605, 188 P3d 392, *rev den*, 345 Or 175 (2008); *State v. Choin*, 218 Or App 333, 338, 179 P3d 743 (2008). Because the identification of psilocybin mushrooms was uncontested in this case—the only argument defendant advanced at the motion to suppress hearing was that the evidence derived from an unlawful stop, and he does not renew that argument on appeal—and because defendant stipulated to facts sufficient to establish guilt, we conclude that one possible inference that we can draw from defendant's failure to object to the admission of the report is that he chose not to object because he believed that the testimony of the criminalist would not have helped his defense. Thus, even if the admission of the report was plain error, we elect not to exercise our discretion to review it.

Affirmed.