Argued and submitted November 22, 2005, affirmed May 3,
petition for review denied July 18, 2006 (341 Or 197)

Johny Alan BELGARDE,
*Appellant,*

*v.*

Diane LINN,
Maria Rojo de Steffey, Serena Cruz, Lisa Naito,
Cecilia Johnson and David Boyer,
*Respondents.*

0405-05273; A126193

134 P3d 1082

James D. Vick argued the cause for appellant. With him on the opening brief were Alex C. Dunn and Vick & Conroyd, LLP. On the reply brief was James D. Vick.

Christopher D. Crean, Assistant County Attorney, argued the cause for respondents. On the brief was Jacqueline A. Weber, Assistant County Attorney.

Before Landau, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff, a taxpayer in Multnomah County, initiated this action against four Multnomah County Commissioners and two nonelected county officials for "unauthorized expenditure of public funds." Plaintiff sought declaratory relief, damages, and a permanent injunction prohibiting defendants from expending public funds for the issuance of marriage licenses to same-sex couples. Defendants moved for summary judgment on the claims for damages and declaratory relief, contending that—even assuming that public funds were spent as alleged—defendants cannot be held liable because they relied in good faith on the advice of legal counsel. They also moved to dismiss the request for a permanent injunction as moot, in light of an intervening court decision in another case enjoining the county from issuing marriage licenses to same-sex couples. The trial court granted defendants' motions, plaintiff appeals, and we affirm.

The relevant facts are not in dispute. In January 2004, Multnomah County Commissioners Cruz and Naito sought the advice of the Multnomah County Attorney concerning whether it was permissible under Oregon law to refuse to issue marriage licenses to same sex couples. In a written letter opinion, the county attorney advised the commissioners that a refusal to allow such a license would violate Article I, section 20, of the Oregon Constitution. The county attorney also included with her letter of advice a second letter opinion, from outside legal counsel, reaching the same conclusion.

Based on the advice of the county attorney and outside counsel, Multnomah County Commission Chair Linn directed the county's Marriage License Division to issue marriage licenses to same-sex couples. On April 1, 2004, County Commissioners Rojo de Steffey, Naito, and Cruz approved by resolution Linn's decision to issue marriage licenses to all persons regardless of gender or sexual orientation.

Meanwhile, nine same-sex couples initiated an action for declaratory and injunctive relief in Multnomah County Circuit Court. The plaintiffs in that action sought a

declaration that statutes prohibiting same-sex couples from marrying on the same terms as opposite-sex couples violated Article I, section 20, of the Oregon Constitution. On April 29, 2004, the Multnomah County Circuit Court entered judgment declaring that, indeed, the statutes that act as a bar to the issuance of marriage licenses to same-sex couples are unconstitutional. The court, however, enjoined the county from issuing any marriage licenses to same-sex couples until 90 days after the commencement of the next session of the Oregon Legislative Assembly, to give the legislature an opportunity to enact remedial legislation.

On May 24, 2004, plaintiff filed a complaint against Chair Linn, Commissioners Rojo de Steffey, Cruz, and Naito, and against the county's Director of the Department of Business and Community Services and its Chief Financial Officer. Plaintiff alleged that defendants' conduct had violated ORS 294.100, which provides, in part:

"(1)  It is unlawful for any public official to expend any moneys in excess of the amounts provided by law, or for any other or different purpose than provided by law.

"(2)  Any public official who expends any public moneys in excess of the amounts or for any other or different purpose than authorized by law shall be civilly liable for the return of the money by suit of the district attorney of the district in which the offense is committed, or at the suit of any taxpayer of such district, if the expenditure constitutes malfeasance in office or willful or wanton neglect of duty."[1]

Plaintiff requested a declaratory judgment to the effect that defendants' issuance of marriage licenses to same-sex couples violated ORS 294.100. He also requested money damages and a permanent injunction.

In their answer, defendants asserted that, among other things, under *Bear Creek v. Hopkins*, 53 Or App 212, 631 P2d 808, *rev den*, 292 Or 108 (1981), even assuming that

---

[1] The provision was amended by Oregon Laws 2002, chapter 1, section 10 (Special Session), effective January 1, 2006. All references in this opinion are to the pre-amendment version.

their conduct had implicated ORS 294.100, they are not liable under that statute because they acted on the advice of counsel.

Defendants filed motions for summary judgment, asserting that, as to the claim for declaratory judgment and damages, *Bear Creek* controls because they acted on the advice of counsel. As to the claim for injunctive relief, defendants argued that, among other things, the issue is moot in light of the fact that the Multnomah County Circuit Court had enjoined them from issuing any additional marriage licenses to same-sex couples.

In support of the motions for summary judgment, each commissioner defendant filed an affidavit stating that her actions were taken in good faith reliance on the advice of legal counsel, with a motive to protect the county from lawsuits, and without a motive of personal gain. The nonelected official defendants likewise testified that they took no action and were not directed to take any action relating to the issuance of marriage licenses.

Plaintiff responded with two affidavits under ORCP 47 E,[2] offering expert testimony to refute defendants' contention that they were entitled to rely on the "advice of counsel" defense. Plaintiff explained that the expert testimony consisted of the opinions of "government lawyers" who were willing to testify that the advice of counsel is "inappropriate" because it is limited "to those situations where government lawyers and government officials have to make decisions where the law is not clear." Plaintiff asserted that the affidavits were sufficient to create a material issue of fact and to

---

[2] ORCP 47 E provides, in part:

"If a party, in opposing a motion for summary judgment, is required to provide the opinion of an expert to establish a genuine issue of material fact, an affidavit or a declaration of the party's attorney stating that an unnamed qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact, will be deemed sufficient to controvert the allegations of the moving party and an adequate basis for the court to deny the motion. The affidavit or declaration shall be made in good faith based on admissible facts or opinions obtained from a qualified expert who has actually been retained by the attorney who is available and willing to testify and who has actually rendered an opinion or provided facts which, if revealed by affidavit or declaration, would be a sufficient basis for denying the motion for summary judgment."

withstand defendants' motion for summary judgment. Plaintiff asked for four months to conduct discovery and sought depositions of the individual defendants to explore whether they had relied on the advice of counsel in good faith or whether defendants' actions were politically motivated. Plaintiff also moved to disqualify the county attorney from representing defendants on the ground that there is a non-waivable conflict of interest arising from the fact that the county attorney is publicly funded.

The trial court declined to allow plaintiff additional time to take defendants' depositions. It denied the motion to disqualify. And, it granted defendants' motion for summary judgment on the declaratory judgment and damages claims, holding that defendants were not liable as a matter of law under *Bear Creek*. The trial court dismissed as moot the claim for a permanent injunction.

■     On appeal, plaintiff advances three assignments of error. First, he contends that the trial court erred in granting defendants' motions for summary judgment either because *Bear Creek* does not apply to this case as a matter of law or because there is a genuine issue of fact about whether it applies. Second, he argues that the trial court erred in denying his motion to disqualify counsel. And third, he argues that the trial court erred in dismissing the claim for injunctive relief on mootness grounds. In his reply brief, plaintiff seeks to add a fourth assignment, that the trial court abused its discretion in refusing to allow plaintiff more time to take defendants' depositions to develop a record on the question of defendants' "good faith." We do not consider arguments for reversal of a trial court ruling raised for the first time in a reply brief, however. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380-81, 823 P2d 956 (1991); *Clinical Research Institute v. Kemper Ins. Co.*, 191 Or App 595, 608-09, 84 P3d 147 (2004); *Hayes Oyster Co. v. Dulcich*, 170 Or App 219, 237 n 20, 12 P3d 507 (2000) (rejecting issue raised for first time in reply brief). We therefore limit our discussion to the three assignments that were set out in plaintiff's opening brief.

■     In addressing those assignments, we view the evidence and all reasonable inferences in the light most favorable to plaintiff and, in that light, determine whether there are

any genuine issues of material fact and whether defendants are entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997).

We begin with plaintiff's contention that the trial court erred in granting the summary judgment motions on the ground that defendants relied on the advice of counsel.

The "advice of counsel" defense to an action for unlawful expenditure of public funds dates back at least to the Oregon Supreme Court's 1940 decision *State ex rel. v. Mott*, 163 Or 631, 97 P2d 950 (1940). In that case, the plaintiff filed an action for the unlawful expenditure of public funds when the Secretary of State paid a private lawyer to investigate certain claims of violations of state securities laws. The Supreme Court affirmed the dismissal of the action on the ground that, among other things, the corporation commissioner had sought the advice of the Attorney General on the matter. The court explained:

> "While the secretary of state was not bound to follow such opinion, he had the right to do so and is protected while acting in good faith even though it is assumed the same was erroneous; although we do not so decide[.] If the law were otherwise few responsible administrative officers would care to assume the hazards of rendering close decisions in public affairs. Officers acting in good faith have a right to rely on the opinion of the attorney general, as he is the officer designated by law to render such service for their guidance and protection."

*Id.* at 640.

In *Bear Creek*, the plaintiff taxpayers sought the return of money that they thought that a local sanitary authority had spent for purposes other than those authorized by law. The trial court granted summary judgment in favor of the sanitary authority on the ground that it had relied on the advice of its general counsel, a private attorney, in making the decision to expend the funds as it did. On appeal, we first concluded that the defense was available to the defendants:

> "We recognize that there are significant differences between reliance on the advice of private counsel and reliance on the advice of the Attorney General. For one thing,

counsel for the Authority is retained by it and is subject to dismissal by it, while the Attorney General is an elected public official who has a broader responsibility. We believe, however, that the policy expressed in *Mott* militates in favor of allowing a defense of good faith reliance on advice of counsel to public officers such as the directors in this case. We do not believe that local officials should be required to make complex decisions regarding expenditures of public funds without the advice of counsel and at their own risk. Such a requirement would discourage competent individuals from seeking or accepting such positions and would be a detriment to local government."

53 Or App at 217. We summarized the nature of the defense in the following terms: "In order to establish the defense of advice of counsel, defendants must show that they relied in good faith and without personal benefit upon the advice that was given by their attorney." *Id.* at 218. Turning to the evidence in that case, we concluded that, although that defense was available to the defendants, the trial court nevertheless had erred in entering summary judgment on that basis because the affidavits of the parties presented competing evidence as to whether the authority had sought the advice in good faith. *Id.* at 218-19.

■       *Mott* and *Bear Creek* thus stand for the proposition that a public official may avoid liability for an otherwise unlawful expenditure of public funds if that official (1) relied on the advice of counsel, whether public or private; (2) without personal benefit; and (3) in good faith. With that in mind, we turn to the arguments of the parties.

■       Plaintiff begins with the argument that the advice of counsel defense is not available in this case as a matter of law. According to plaintiff, the defense applies only when the law is unclear or when public officials have no statutory guidance. In this case, plaintiff argues, defendants knew that, under ORS 106.010[3] and ORS 106.041,[4] they had an obligation to reject applications for marriage licenses to same-sex

---

[3] ORS 106.010 provides:

"Marriage is a civil contract entered into in person by males at least 17 years of age and females at least 17 years of age, who are otherwise capable, and solemnized in accordance with ORS 106.150."

[4] ORS 106.041 provides, in part:

couples. Neither *Mott* nor *Bear Creek* states such a limitation on the availability of the defense, however. We reject the argument without further discussion.

Plaintiff alternatively contends that the advice of counsel defense as set forth in *Mott* and *Bear Creek* is limited in its application to advice on "budgetary or financial issues" and should not extend to advice relating to "political" issues like the one involved in this case. Plaintiff does not explain, however, the source of that limitation on the advice of counsel defense. In any event, plaintiff does not explain—and we do not understand—why this case does not present just such a budgetary or financial decision. According to the allegations of plaintiff's own complaint, the gravamen of his claim is that defendants expended public money unlawfully in violation of ORS 249.100.

Plaintiff argues that, if we do not accept his argument that the advice of counsel defense is not available as a matter of law, we should conclude that the defense has not been shown to apply as a matter of fact. Plaintiff argues that statements contained in the two affidavits that he submitted under ORCP 47 E created a genuine issue of material fact as to whether defendants acted in good faith reliance on the advice of their legal counsel. Just as in *Bear Creek*, plaintiff argues, so also in this case there is a triable issue about whether defendants acted in good faith.

■    ORCP 47 E provides that, when a party is required to provide the opinion of an expert to establish a fact, that party may avoid summary judgment by submitting an affidavit from the party's attorney stating that an "expert has been retained and is available and willing to testify to admissible facts or opinions that would create a question of fact." *Metropolitan Property & Casualty v. Harper*, 168 Or App 358, 364, 7 P3d 541 (2000). In this case, however, plaintiff was not required to provide the opinion of an expert to establish such a *fact*. Indeed, so far as we can tell, the affidavits were not

---

"(1) All persons wishing to enter into a marriage contract shall obtain a license therefor from the county clerk upon application, directed to any person or religious organization or congregation authorized by ORS 106.120 to solemnize marriages, and authorizing such person, organization or congregation to join together as husband and wife the persons named in the license."

offered to establish any facts at all. Instead, they were offered as expert legal opinions about the underlying issues of whether the county lawfully could issue marriage licenses to same-sex couples and whether, as a result, defendants lawfully may rely on the advice of counsel defense. Those matters are, at least in this context, not properly the subject of an ORCP 47 E affidavit. We therefore conclude that the trial court did not err in determining that defendants were entitled to rely on the advice of counsel defense and did not err in granting defendants' motions for summary judgment on that basis.

We turn, briefly, to plaintiff's second assignment of error. Plaintiff argues that, because he is a taxpayer who, at least in part, pays the salary of the county attorney, there is a nonwaivable conflict of interest that should have precluded the county attorney from representing defendants in this case. We reject the argument without discussion.

There remains plaintiff's third assignment of error, that the trial court erred in dismissing his claim for injunctive relief on mootness grounds. We note that, since the trial court's decision in this case, the Oregon Supreme Court rendered its decision in *Li v. State of Oregon*, 338 Or 376, 110 P3d 91 (2005). The court concluded that the county lacks authority to issue marriage licenses to same-sex couples. *Id.* at 397. Whether or not the claim for injunctive relief was moot at the time the trial court granted the motion for summary judgment, it certainly is moot now.

Affirmed.