Argued and submitted February 2, affirmed November 8, 2006

Arthur L. TARLOW,
*Appellant,*

*v.*

LANDYE BENNETT BLUMSTEIN LLP,
Dain Paulson and Thane Tienson,
*Respondents,*

*and*

Jeffery MUTNICK,
*Defendant.*

0307-07331; A126381

147 P3d 355

Margaret H. Leek Leiberan argued the cause and filed the briefs for appellant.

Peter Mersereau argued the cause for respondents. On the brief were Thomas W. McPherson and Mersereau & Shannon, LLP.

Before Edmonds, Presiding Judge, and Linder* and Wollheim, Judges.

EDMONDS, P. J.

* Linder, J., *vice* Deits, J. pro tempore

**EDMONDS, P. J.**

Plaintiff brought an action against defendant attorneys for wrongful initiation of civil proceedings. The trial court granted defendants' motion for summary judgment and entered a judgment dismissing plaintiff's complaint with prejudice. ORCP 47 C. Plaintiff appeals from that judgment, and we affirm.

Christine Oldroyd was hired in February 2001 as the property manager for an apartment complex managed by Interwest Properties, Inc. (Interwest), and owned by the Tarlow Family Limited Partnership, of which plaintiff is the general partner. Oldroyd was fired in August 2001 by Interwest. In July 2002, Oldroyd brought an action against Interwest for common law and statutory wrongful discharge and against plaintiff for "interference with contractual relations."[1] Defendants represented Oldroyd in that case. Eventually, plaintiff was granted summary judgment on Oldroyd's claim against him.

Plaintiff then filed this action, alleging that defendants had wrongfully used the Oldroyd claim against him when they knew or reasonably should have known that there was no legally cognizable basis for the claim.[2] Defendants moved for summary judgment, arguing, in part, that the doctrine of issue preclusion operated to bar plaintiff's action based on a ruling made by the trial court in the Oldroyd case regarding plaintiff's request for an enhanced prevailing party fee under ORS 20.190(3). After hearing argument on the

---

[1] For ease of understanding, we will refer to the parties by the titles given in the trial court in the present case.

[2] Under Oregon law, a claim for wrongful use of civil proceedings requires that the following elements be demonstrated:

"(1) The commencement and prosecution by the defendant of a judicial proceeding against the plaintiff;

"(2) The termination of the proceeding in the plaintiff's favor;

"(3) The absence of probable cause to prosecute the action;

"(4) The existence of malice, or as is sometimes stated, the existence of a primary purpose other than that of securing an adjudication of the claim; and

"(5) Damages."

*Alvarez v. Retail Credit Ass'n*, 234 Or 255, 259-60, 381 P2d 499 (1963).

motion, the trial court granted summary judgment, ruling in a letter opinion as follows:

"1) Plaintiff's claim of wrongful initiation of civil proceedings requires that malice be proven on the part of the defendants.

"2) That in the prior proceeding * * *[, the court] determined that neither plaintiff Oldroyd [n]or her attorneys (defendants in this action) acted in a reckless, wilful or malicious manner. This conclusion was reached pursuant to [plaintiff's] request for enhanced prevailing attorney fees.

"3) The court has examined the Oldroyd case file and determined that the issues raised by [plaintiff] in the prior proceedings are the same issues that are the basis of this wrongful initiation of civil proceedings case.

"4) Consequently, this court concludes that the issues in the two proceedings are identical; that the [malice] issue was actually litigated and essential to a final decision on the merits in the prior proceedings; that [plaintiff] had a full and fair opportunity to be heard; and that [plaintiff] was a party in the prior case.

"5) This court also concludes [that] the prior proceeding requesting enhanced prevailing party fees is the type to which the Oregon courts will give preclusive effect."

On appeal, plaintiff assigns error to the trial court's grant of summary judgment, arguing, among other things, that the trial court erred when it applied the doctrine of issue preclusion because the issues of bad faith and malice were not actually litigated in the Oldroyd case.

■ "Issue preclusion" arises in a subsequent proceeding when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding. *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993).[3] ORS 43.160, which codifies the common law, provides:

---

[3] For common-law issue preclusion to apply, each of the following elements must be demonstrated:

"1. The issue in the two proceedings is identical.

"2. The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.

"3. The party sought to be precluded has had a full and fair opportunity to be heard on that issue.

"That only is determined by a former judgment, decree or order which appears upon its face to have been so determined or which was actually and necessarily included therein or necessary thereto."

In *Westwood Construction Co. v. Hallmark Inns*, 182 Or App 624, 636, 50 P3d 238, *rev den*, 335 Or 42 (2002), we noted that, "[b]y the statute's plain terms, when the face of a judgment or order in a prior proceeding demonstrates that a matter was actually determined, the determination is preclusive." *See also Restatement (Second) of Judgments* § 27 comment d (1982) (stating that an issue may be "actually litigated" when it is submitted for determination on a motion to dismiss for failure to state a claim, a motion for judgment on the pleadings, a motion for summary judgment, and a motion for a directed verdict, or their equivalents, and that a "determination may be based on a failure of pleading or of proof as well as on the sustaining of the burden of proof").

Here, the judgment resolving plaintiff's request for an enhanced prevailing party fee in the ORS 20.190 proceeding expressly provides that plaintiff failed to meet his burden of proof to establish that the conduct of defendants "was reckless, malicious, in bad faith or illegal in prosecuting a claim for wrongful termination." However, plaintiff argues, in effect, that he did not have a full and fair opportunity to be heard on that issue because of the ancillary nature of the ORS 20.190 proceeding, which did not involve the examination of live witnesses. We need not decide, however, whether the legislature intended that the *Restatement* rule be applied to ORS 43.160 when the prior finding arises out of a proceeding under ORS 20.190, because the trial court's grant of summary judgment was correct based on defendants' alternative argument.

Defendants argued to the trial court in their motion for summary judgment that there was no evidence in the record to support an inference that they acted with malice in

---

"4. The party sought to be precluded was a party or was in privity with a party to the prior proceeding.

"5. The prior proceeding was the type of proceeding to which this court will give preclusive effect."

*Nelson*, 318 Or at 104 (citations omitted; emphasis added).

prosecuting Oldroyd's claim against plaintiff, an essential element in a claim for wrongful initiation of civil proceedings. Defendants assert that the only evidence in the record on the question of motive is the affidavit of one of the defendants, who swore that "the defendants' sole purpose in filing Oldroyd's complaint was to give her an opportunity to adjudicate what she (and we) believed to be valid claims," and that this evidence is uncontradicted in the summary judgment record. Plaintiff responds that his attorney submitted an affidavit pursuant to ORCP 47 E in which he stated that "[a]n expert has been retained who is available and willing to testify to admissible facts and opinions creating a question of material fact on [plaintiff]'s claim for wrongful use of civil proceedings."[4] He asserts that under ORCP 47 E the "affidavit by itself establishes a genuine issue of material fact as to all elements of a claim for wrongful use of civil proceedings including the element of malice."

OEC 702 states that,

"[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise."

Plaintiff does not demonstrate how expert testimony regarding defendants' subjective motivation would be admissible under OEC 702. *See, e.g., Belgarde v. Linn*, 205 Or App 433, 441-42, 134 P3d 1082, *rev den*, 341 Or 197 (2006) (reliance on an ORCP 47 E affidavit is inappropriate where the plaintiff was not required to provide the opinion of an expert to establish whether the defendants acted in good faith reliance on the advice of their legal counsel). Moreover, specialized knowledge is not necessary to answer the question of whether defendants had a primary purpose other than that

---

[4] ORCP 47 E provides, in part:

"If a party, in opposing a motion for summary judgment, is required to provide the opinion of an expert to establish a genuine issue of material fact, an affidavit or a declaration of the party's attorney stating that an unnamed qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact, will be deemed sufficient to controvert the allegations of the moving party and an adequate basis for the court to deny the motion."

of securing an adjudication of Oldroyd's claims. By way of contrast, in *Vandermay v. Clayton*, 328 Or 646, 655, 984 P2d 272 (1999), the court held that, " 'in most charges of negligence against professional persons, expert testimony is required to establish what the reasonable practice is in the community' * * * if the issues are not within the knowledge of the ordinary lay juror." (Quoting *Getchell v. Mansfield*, 260 Or 174, 179, 489 P2d 953 (1971).) Here, however, an ordinary lay juror would not need the assistance of an expert to determine whether defendants acted with malice. The ORCP 47 E affidavit therefore presents no substantive evidence of malice that would raise a genuine issue of material fact and preclude summary judgment.

Plaintiff's remaining arguments regarding malice concern inferences that plaintiff seeks to draw from the summary judgment record, including allegations in Oldroyd's complaint and questions asked during plaintiff's deposition. First, plaintiff argues that the allegation in Oldroyd's complaint that plaintiff "felt [Oldroyd] was too honest to effectively represent the property" was irrelevant and shows an "[a]nimosity towards [plaintiff] that is unrelated to the assertion of wrongful discharge." However, even if the allegation was irrelevant, that fact does not give rise to any inference about defendants' motivation in filing the claim for an improper purpose.

Next, plaintiff points to questions asked of him during his deposition as evidence giving rise to an inference of malice. The following excerpt illustrates the type of questions that plaintiff was asked:

"Q:  All right. So I take it then you deny ever telling anything to Ms. Oldroyd in her presence that you wanted to get some good families in the units instead of some just, to use this term, 'fucking Mexicans'?

"A:  That's absolutely false. Absolutely false.

"Q:  Okay.

"A:  Nothing anywhere near or that could possibly mistakenly be construed to be that kind of statement.

"Q: And you've never used—Well, I'll just ask you a broader question. Have you ever characterized Mexicans, Hispanics, or Latinos in any disparaging way?

"A: No, I have not.

"Q: Do you have an opinion about the willingness of Mexicans, Latinos, or Hispanics to accept living conditions that might be unacceptable to people who are not Latinos or Spanish or Mexicans?

"A: Not only do I have no such opinion, but it is clear from my experience that the willingness of people to accept or not accept living conditions is unrelated to ethnicity and is related to their characteristics as human beings regardless of their color, race, religious preference or any other characteristic, including whether they have gray hair or brown hair.

"* * * * *

"Q: Do you recall any discussion whatsoever about the ethnicity, and in particular the Hispanic or Mexican ethnicity, during any meeting with Ms. Oldroyd?

"A: Unequivocally, no."

Again, even if those and any other similar questions identified by plaintiff were irrelevant to Oldroyd's claims against plaintiff, we disagree that it can be reasonably inferred from the asking of those questions that defendants filed the complaint for a primary purpose other than that of securing an adjudication of Oldroyd's claims. It simply does not follow, from the fact that the questions may have been irrelevant to the claims, that defendants were acting with an improper purpose. Because there is no evidence in the summary judgment record to contradict the affidavit submitted by defendants, there is therefore no genuine issue of material fact that precludes summary judgment; thus, the trial court properly granted summary judgment.

Affirmed.