Submitted May 2, affirmed October 29, 2008

STATE ex rel Samantha MAUBACH,
nka Samantha Alam,
*Petitioner-Respondent,*

*v.*

Ananda SARANGI,
*Respondent-Appellant.*

Jackson County Circuit Court
044230S0; A134887

196 P3d 26

Ananda Sarangi filed the brief for appellant *pro se*.

Samantha L. Alam filed the brief for respondent *pro se*.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

## ORTEGA, J.

Father appeals an order regarding the enforcement of earlier orders concerning parenting time. ORS 19.205(3). As pertinent to this appeal, the trial court denied father's motion to enforce parenting time. Because father did not establish his entitlement to the relief that he sought, we affirm.

We understand the background facts to be undisputed. Mother and father, who were never married to each other, have one child, born in October 2001. When the child was seven months old, mother initiated proceedings in Multnomah County concerning custody and support. Nearly a year later, in May 2003, the trial court entered a judgment awarding mother sole custody, subject to parenting time with father on two weekday evenings per week, one or two weekend days per week, and important Hindu holidays.

Shortly after entry of the judgment, however, mother moved with the child from Portland to Ashland. The trial court found that the move prevented the parenting plan from taking effect. In the course of entering a supplemental judgment modifying parenting time, the court found that mother failed to respect the effect of her decisions on the child and father and that father had "been frustrated and angry over the denial of his parenting time, and ha[d] raised his voice, which [had] upset [mother]." The court modified the parenting plan to provide parenting time with father every other weekend, with the location alternating between Ashland and Portland; parenting time for six Hindu holidays with father in Portland, with mother providing transportation for the child; and, when parenting time did not occur as scheduled, make-up time on the following weekend. Father could initiate telephone calls with the child "at home (on land line)" three evenings per week.

In October 2005, the court entered an order transferring the file and changing venue to Jackson County. The court incorporated into its order its oral findings from a hearing on mother's motion to transfer, including a finding that mother had failed to comply with previous orders. The court observed that father had been "on an uphill battle for four-and-a-half years to maintain a relationship with" the child,

that mother made doing so more difficult, and that father sometimes was "difficult to deal with when [he] get[s] frustrated and angry about it."

Proceedings continued in Jackson County. In February 2006, the trial court entered a supplemental judgment modifying parenting time. That judgment allowed mother to initiate telephone contacts between father and the child by either land line or cellular speaker phone. Hindu holiday parenting time was to be "on the nearest weekend for a maximum period of 24 hours, from 10 a.m. Saturday to 10 a.m. Sunday, unless [father] notifies mother of a sooner pick-up time."

Father subsequently moved to enforce parenting time, seeking make-up parenting time and modification of the parenting plan. Although father sought enforcement under ORS 107.434, the trial court concluded that, under ORS 109.103(1) (2005), the provisions of ORS chapter 107, except for ORS 107.093 to 107.425, do not apply to parents who were never married to each other.[1] The trial court therefore heard the matter as if father instead had sought remedial sanctions for contempt of court. The court explained that

---

[1] ORS 109.103(1) (2005) provided:

"If a child is born out of wedlock and paternity has been established, either parent may initiate a civil proceeding to determine the custody or support of the child. * * * The parents have the same rights and responsibilities regarding the custody and support of their child that married or divorced parents would have, and the provisions of ORS 107.093 to 107.425 that relate to the custody or support of children apply to the proceeding."

The legislature amended ORS 109.103 in 2007. Or Laws 2007, ch 454, § 2. Those amendments took effect on January 1, 2008. We do not consider any possible effects of the amendments in this case.

ORS 107.434 provides, in part:

"(1) The presiding judge of each judicial district shall establish an expedited parenting time enforcement procedure that may or may not include a requirement for mediation. * * *

"* * * * *

"(2) In addition to any other remedy the court may impose to enforce the provisions of a judgment relating to the parenting plan, the court may:

"(a) Modify the provisions relating to the parenting plan by:

"* * * * *

"(B) Imposing additional terms and conditions on the existing parenting time schedule; or

"(C) Ordering additional parenting time, in the best interests of the child, to compensate for wrongful deprivation of parenting time[.]"

"the relief in contempt will be the same relief sought in the motion to enforce parenting time."

At the conclusion of the hearing, the trial court denied father's motion "for contempt or for enforcement of parenting time," stating that "[n]one of the things [father] is complaining about have been shown to be any kind of willful violation." The court also denied father's requested modifications but granted father leave to raise those issues in a later hearing. In the court's view, "the primary cause of this conflict is [father], who wants to create problems at every turn, rather than to try to resolve them. It seems to me almost every issue presented could have been dealt with had he taken a position of reasonableness."

Father appeals. He first contends that the trial court erred by denying him a "hearing on his enforcement motion that he filed under ORS 107.434(1)(b)." On the facts of this case, however, father cannot prevail, whether we treat his motion as one for remedial sanctions for contempt or as one for enforcement of parenting time. Because it has no real effect on this appeal, we have no reason to consider and do not decide whether the trial court's interpretation of ORS 107.434 and ORS 109.103(1) (2005) was correct.

■ We begin with the standards applicable to each type of proceeding. To prevail in a contempt proceeding, father would have to prove by clear and convincing evidence that mother "willfully" disobeyed the court's orders or judgments. ORS 33.015(2)(b) (defining "contempt of court"); ORS 33.055(11) ("In any proceeding for imposition of a remedial sanction other than confinement, proof of contempt shall be by clear and convincing evidence."). We review a judgment in a proceeding for remedial sanctions in the same manner as a judgment in an action at law, examining whether any evidence in the record supports the trial court's factual findings. ORS 33.125(2); ORS 19.415(1); *G. I. Joe's, Inc. v. Nizam*, 183 Or App 116, 123, 50 P3d 1282 (2002).

---

In 2007, the legislature amended ORS 107.434 as well. Or Laws 2007, ch 493, § 14. That amendment would have no effect on our analysis; accordingly, we cite the current version of ORS 107.434.

■ To obtain additional parenting time in a proceeding to enforce parenting time, on the other hand, father would have to show by a preponderance of the evidence that mother engaged in a "wrongful deprivation of parenting time" and that make-up time would be in child's best interests. ORS 107.434(2)(a)(C); *Cole v. Wyatt*, 201 Or App 1, 8, 116 P3d 919 (2005) (applying the preponderance standard to a motion to modify parenting time). We review such matters *de novo*, but give weight to the trial court's credibility findings arising from its opportunity to observe witnesses firsthand. ORS 107.405; ORS 109.103(1); ORS 19.415(3); *Cole*, 201 Or App at 6-7.

The word "wrongful" is not defined in ORS 107.434(2)(a)(C). It commonly means "**1** : full of wrong : INJURIOUS, UNJUST, UNFAIR ‹a ~ act› **2** : not rightful esp. in law : having no legal sanction : UNLAWFUL, ILLEGITIMATE ‹the ~ heir to a throne› ‹~ occupation of an estate›." *Webster's Third New Int'l Dictionary* 2642 (unabridged ed 2002). We have noted that the word "wrongful" "has a well-understood meaning in the law of torts with regard to interference with legal interests. Conduct generally is 'wrongful' if it is carried out in pursuit of an improper motive or by improper means." *Church v. Woods*, 190 Or App 112, 118, 77 P3d 1150 (2003) (citations omitted).

With those standards in mind, we turn to the facts concerning the specific incidents that gave rise to this appeal. Father contends that the trial court erred in failing to require mother to provide make-up time for two weekends, one Saturday, and two Hindu holidays. As to each incident, mother testified about the reasons that parenting time was missed. According to mother, in one instance, the child was not able to go to Portland as scheduled, and father was not available to make up parenting time the following weekend, which mother understood to be the procedure established by the parenting plan. On another occasion, mother was surprised to see father when he appeared expecting to have time with the child in Ashland, and the two disagreed over whether father was entitled to parenting time that day under the parenting plan. By the time that mother, after speaking with her attorney, decided to go along with father's view that he was entitled to the time, he had left without the child. On

a third occasion, mother told father that she was unable to take the child to Portland for scheduled parenting time, and father requested make-up time the following weekend; however, mother was unable to reach father about arrangements for that visit until after the requested make-up time had already passed. Finally, as to two Hindu holidays, mother believed that, given the actual dates of the holidays, the parenting plan provided for the holidays to be celebrated on different dates than father had selected.

We are concerned by how often father's parenting time is not occurring and by the effects on the child of the parties' ongoing disputes. Nevertheless, on this record, we conclude that father has not shown an entitlement to the relief he seeks, under either the standard used by the trial court or the standard under ORS 107.434. If we treat this appeal as one from a judgment denying remedial sanctions for contempt, evidence in the record supports the trial court's findings that mother did not willfully violate a court order. If we treat the appeal as being from a denial of father's motion to enforce parenting time under ORS 107.434, it appears that the trial court found mother's explanations credible, and we defer to that credibility finding. Accordingly, we conclude that the missed parenting time was the result of misunderstandings and communication problems and did not rise to the level of a wrongful deprivation of parenting time. Father therefore was not entitled to an order providing make-up parenting time.

Father also contends that the trial court erred by failing to enforce his "right to contact [the child] on a landline phone on every Monday, Wednesday, and Friday" at a specific time. Although an earlier version of the parenting plan provided for that contact, the February 2006 supplemental judgment modified the parenting plan to allow mother to initiate telephone contacts between father and the child either by land line or cellular speaker phone. The trial court did not err by declining to enforce a right that did not exist.

Finally, father contends that the trial court erred in not modifying the parenting plan concerning parenting time during Hindu holidays. In father's view, the current plan "is discriminatory, prejudicial, and arbitrary" and violates his

rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Because father did not raise that constitutional issue to the trial court, we do not consider it. ORAP 5.45(1); *State v. Morrow*, 192 Or App 441, 444, 86 P3d 70, *rev den*, 337 Or 282 (2004).

Affirmed.