246 P.3d 54 (2010)
240 Or. App. 132
In the Matter of N.L.D., a Youth.
STATE ex rel JUVENILE DEPARTMENT OF DESCHUTES COUNTY, Respondent,
v.
N.L.D., Appellant.
629752; Petition Number 07JV0571; A140269.
Court of Appeals of Oregon.
Argued and Submitted July 29, 2010.
Decided December 29, 2010.
*55 Jennifer L. Pike argued the cause for appellant. With her on the briefs were Ball Janik, LLP, Angela Sherbo, and Juvenile Rights Project.
Cecil A. Reniche-Smith argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Inge D. Wells, Senior Assistant Attorney General.
Before SCHUMAN, Presiding Judge, and WOLLHEIM, Judge, and ROSENBLUM, Judge.
WOLLHEIM, J.
Youth appeals the juvenile court's judgment ordering him to pay $853.59 in restitution to the Department of Justice, Criminal Injuries Compensation Account (account). Youth asserts that the court erred in imposing restitution because the account is not a "victim" within the meaning of ORS 419C.450, which governs restitution in a juvenile adjudication. Because the relevant facts are not in dispute, we review the court's legal determinations for errors of law. State ex rel. Juv. Dept. v. Rial, 181 Or.App. 249, 251, 46 P.3d 217 (2002). We affirm.
In a stipulated order, youth admitted that his acts, if committed by an adult, would constitute first-degree sexual abuse, ORS 163.427, and coercion, ORS 163.275. Following the dispositional hearing, the juvenile court referee ordered youth to pay restitution of $853.59 to the account. Youth filed a motion to reconsider pursuant to ORS 419A.150(7), arguing that the account is not a "victim" as that word is defined in the Juvenile Code and, therefore, the referee erred in imposing restitution. The juvenile court denied the motion to reconsider.
On appeal, youth asserts that the juvenile court lacked authority to order restitution to the account. He argues that ORS 419C.450, which provides that "the victim has the right to receive prompt restitution," does not include the account. The state contends that the text and context of ORS 419C.450 establish that a youth offender may be ordered to pay restitution to the account. We agree with the state.
In State v. E.V., 240 Or.App. 298, 301-03, 246 P.3d 78 (2010), we addressed contentions that are similar to those raised by youth in this case. In that case, we concluded that the trial court did not err in awarding restitution to the account and an insurance carrier, reasoning that
"under ORS 419C.450(1)(a), a `victim' in a juvenile delinquency case has the right to receive prompt `restitution.' ORS 419C.450 does not define `victim' or `restitution,' but ORS 419A.004(23) provides that, unless the context requires otherwise, `"[r]estitution" has the meaning given that term in ORS 137.103.' In turn, ORS 137.103(3) provides that `"[r]estitution" means full, partial or nominal payment of economic damages to a victim.' Notably, the definition of `restitution' includes the term `victim,' and `victim' is definedfor the purposes of the Criminal Code's restitution statutes, including the definition of `restitution' in ORS 137.103(3)to include insurance carriers and the account. ORS 137.103(4)(c), (d).
"Thus, the legislature has incorporated ORS 137.103(3)'s definition of `restitution' into the Juvenile Code, and that definition contains specially defined terms, including `victim.' We conclude that, when the legislature incorporated the definition of `restitution,' it incorporated the whole definition, including the statutory definitions of its component parts. To conclude otherwise would be inconsistent with the legislature's expressed intent that the term `restitution' has the same meaning in the criminal and juvenile codesthat is, `restitution' would mean payment of economic damages to one group in the Criminal Code, and payment of economic damages to a different group in the Juvenile Code."
Although E.V. is dispositive of youth's primary contention in this case, youth raises two additional arguments that were not addressed in E.V. First, youth contends that the Juvenile Code does not provide for restitution to be ordered to the account because ORS chapter 147, which describes the procedure for paying restitution to the account, is not among the statutes that are incorporated into the Juvenile Code under ORS 419C.270. *56 The state asserts that, because youth did not make that argument to the juvenile court, he has failed to preserve that argument on appeal. Relying on Ailes v. Portland Meadows, Inc., 312 Or. 376, 381 n. 5, 823 P.2d 956 (1991), youth responds that, although he did not make that specific argument in the juvenile court, the court was on notice of the issue of whether youth could be ordered to pay restitution to the account. We agree with the state that the issue is not preserved.
"[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." State v. Wyatt, 331 Or. 335, 343, 15 P.3d 22 (2000). Although youth put the juvenile court on notice of whether the juvenile court could impose restitution to the account, he did not argue that he could not be ordered to pay restitution to the account because ORS chapter 147 was not incorporated into the Juvenile Code, nor did he inform the court of the source for his position: ORS 419C.270. Consequently, we conclude that youth did not provide the juvenile court with an explanation of this argument specific enough so that the court could have considered it and corrected any error.
Second, in his reply brief, youth asserts that the juvenile court committed plain error by ordering him to pay restitution to the account. Generally, we do not consider arguments raised for the first time in a reply brief. Belgarde v. Linn, 205 Or.App. 433, 438, 134 P.3d 1082, rev den, 341 Or. 197, 140 P.3d 580 (2006). In any event, even if we were to consider youth's assertion, we would conclude that the alleged error is not "plain." See State ex rel. DHS v. M.A., 227 Or.App. 172, 180, 205 P.3d 36 (2009) ("An error is `plain' if it is one of law, is not reasonably in dispute, and does not require consideration of matters outside the record.").
Accordingly, consistently with E.V., we conclude that because the account is a victim under ORS 419C.450, the juvenile court did not err in ordering youth to pay restitution to the account.
Affirmed.