JAMES, J.
*464 Defendant appeals from an order imposing an incarceration sanction for punitive contempt under ORS 33.065. On appeal, defendant contends that because the punitive contempt proceeding originated from a motion and order to show cause, as opposed to an accusatory instrument as provided for in ORS 131.005(1), the trial court lacked subject matter jurisdiction. We conclude that a motion and order to show cause is a deficient pleading for purposes of initiation of a punitive contempt action. However, that deficiency does not create an issue of subject matter jurisdiction. Further, we decline defendant's alternative request for plain error review made for the first time in defendant's reply brief. Accordingly, we affirm.
The underlying facts are not in dispute. At the time of the conduct in question, a valid restraining order existed preventing contact between defendant and his former wife. Defendant was incarcerated on unrelated matters in Yamhill County. In late April and early May, his wife received several forwarded voicemails each day from defendant. Also, his wife received a voicemail from a third party, who asked defendant's wife to deposit money into defendant's jail account and to answer defendant's telephone calls.
In addition to the voicemails, defendant's wife received two letters addressed to "S Hot Mail" and "Baby Girl." In one letter, defendant wrote, "I want us to get back together" and expressed interest in wanting to be "your husband." Yamhill County Jail deputies intercepted a third letter before it could be delivered.
The district attorney filed a "Motion to Show Cause for Violation of Restraining Order Seeking Punitive Sanctions." The motion did not allege separate counts, but listed nine "dates of incident" and included an attached affidavit and probable cause statement that described defendant's conduct. Based on that motion, the trial court issued an Order to Show Cause "why [defendant] should not be found in contempt for violation of the court's domestic abuse restraining order and punitive sanctions * * * imposed."
*465 The state arraigned defendant on the contempt allegation, and the trial court ultimately found defendant in contempt of court on Counts 1 and 3 through 10 and imposed punitive sanctions. The court imposed a fixed term of 10 days in jail for each count, consecutive to each other, for a total of 90 days.
Before the trial court, defendant offered no objection or argument challenging the adequacy of the motion and order to show cause to institute a punitive contempt proceeding. Faced with that obstacle to preservation, appellate counsel offers a single assignment of error on appeal, arguing that the motion and order to show cause, by not complying with the requirements of ORS 33.065(5) and ORS 131.005(1), deprives the court of subject matter jurisdiction-a defect that can be raised at any time, despite a failure to object below.
*419 State v. Webb , 324 Or. 380, 382-83, 927 P.2d 79 (1996).
The state responds that, even if the motion and order to show cause fails to comply with ORS 33.065(5) and ORS 131.005(1), that deficiency does not deprive the court of subject matter jurisdiction. Only in response to the state's argument, for the first time in his reply brief, does defendant advance an alternative argument that, even if the issue is not one of subject matter jurisdiction, this court should address the issue as plain error.
While the power to impose sanctions for contempt is an inherent judicial power, the procedures that apply to contempt proceedings, both remedial and punitive, are governed by statute. ORS 33.025(1). The initiation of remedial contempt is provided for in ORS 33.055, which states that remedial sanctions may be sought by the filing of a motion and accompanying supporting documentation. ORS 33.055(3), (4). The procedures for punitive contempt, on the other hand, are set forth in ORS 33.065, which requires something more than a motion. Because punitive contempt is quasi-criminal in nature, an accusatory instrument is required. ORS 33.065(4), (5) ; see State v. Hauskins , 251 Or. App. 34, 39, 281 P.3d 669 (2012). As set forth in ORS 131.005(1), an accusatory instrument is a "grand jury indictment, an information or a complaint."
*466 However, the question presented by this case is not simply whether the motion and order to show cause complied with ORS 33.065. The resolution of that question would be straightforward, as the noncompliance is readily apparent. But here, the question before us-the only question raised in the opening brief-is whether that noncompliance creates an issue of subject matter jurisdiction. It does not.
Subject matter jurisdiction is the authority to deal with the general subject involved. Garner v. Alexander , 167 Or. 670, 675, 120 P.2d 238 (1941), cert. den. , 316 U.S. 690, 62 S.Ct. 1281, 86 L.Ed. 1761 (1942). Subject matter jurisdiction exists when the constitution, the legislature, or the common law has directed a specific court to do something about a specific kind of dispute. School Dist. No. 1, Mult. Co. v. Nilsen , 262 Or. 559, 566, 499 P.2d 1309 (1972). Circuit courts have subject matter jurisdiction over all actions, unless a statute or rule of law divests them of jurisdiction. Or. Const, Art VII (Original), § 9; Or. Const, Art VII (Amended), § 2; see also Greeninger v. Cromwell , 127 Or. App. 435, 438, 873 P.2d 377 (1994) ; North Pacific Ins. Co. v. Switzler , 143 Or. App. 223, 233, 924 P.2d 839 (1996).
In this case, it is undisputed that some form of contempt can be initiated with a motion. This is not a case where contempt proceedings were initiated based on no filing at all. Accordingly, defendant cannot dispute that the general subject of his contempt was properly before the court. But, rather than framing the issue as a challenge to the authority of a trial court to impose a punitive sanction based on a motion and order to show cause, defendant's sole argument is that a deficiency in the filing that initiates a contempt proceeding creates a problem of subject matter jurisdiction. That argument is akin to challenging subject matter jurisdiction based on a defect in an indictment, an argument that has been repeatedly rejected, beginning with State v. Terry :
"Even assuming that defendant were correct that deliberateness is an element of the crime that must be pled in the indictment-a claim that we consider and reject for the reasons explained below-such a defect would not have deprived the court of subject matter jurisdiction."
333 Or. 163, 185-86, 37 P.3d 157 (2001), cert. den. , 536 U.S. 910, 122 S.Ct. 2368, 153 L.Ed.2d 189 (2002).
*467 In State v. Caldwell , we noted that, although many of our earlier cases held that a defendant could challenge the sufficiency of an indictment for the first time on appeal, those cases "have been vitiated by the decision in Terry ." 187 Or. App. 720, 723, 69 P.3d 830 (2003), rev. den. , 336 Or. 376, 84 P.3d 1080 (2004). Then, in State v. Daniel , we noted:
"The principle underlying Terry and Caldwell , however, dictates that Riggs [v. State , 50 Or.App. 109, 622 P.2d 327 (1981) ] and [State v. ] Guzman [ 140 Or.App. 347, 914 P.2d 1120 (1996) ] must now be overruled.
*420 If a trial court has jurisdiction over a case in which the defendant is accused by an indictment that does not allege any crime, surely the court has jurisdiction over a case in which the defendant is accused of a crime that differs from the crime of conviction. The underlying principle-a defect in the indictment is not a jurisdictional error-applies with at least equal force, if not more force, in the latter situation. * * * Neither any statute nor the Oregon or United States constitutions divests a circuit court of jurisdiction based on a defective indictment."
222 Or. App. 362, 368, 193 P.3d 1021 (2008).
In light of ORS 33.065(5), we see no reason to view the deficiencies in charging instruments in punitive contempt proceedings differently from deficiencies in criminal indictments. Thus, in this case, while the motion and order did not comply with ORS 33.065 and was subject to challenge on those grounds, the proper form of that challenge is not an argument of subject matter jurisdiction.
Finally, we consider defendant's alternative argument, raised for the first time in his reply brief, that if we reject his subject matter jurisdiction argument we should, nevertheless, reach the issue of whether the trial court had authority to enter a punitive contempt sanction as plain error. Plain error review is a two-pronged inquiry. First, the error must be one of law; it must be apparent, i.e. , the point must be obvious, not reasonably in dispute; and it must appear on the face of the record, i.e. , the reviewing court must not need to go outside of the record to identify the error or have to choose between competing inferences, and the facts constituting the error must be irrefutable. Ailes v. Portland Meadows, Inc. , 312 Or. 376, 381-82, 823 P.2d 956 (1991).
*468 Even if the error meets the first prong of the inquiry, we must determine whether we will exercise our discretion to review it. As Ailes cautioned,
"[t]his is not a requirement of mere form. A court's decision to recognize unpreserved or unraised error in this manner should be made with utmost caution. Such an action is contrary to the strong policies requiring preservation and raising of error. It also undercuts the established manner in which an appellate court ordinarily considers an issue, i.e. , through competing arguments of adversary parties with an opportunity to submit both written and oral arguments to the court."
Id . at 382, 823 P.2d 956.
In this case, the error meets the first prong of the Ailes inquiry. The motion for an Order to Show Cause clearly did not comply with ORS 33.065 or ORS 131.005(1). However, in this case, we decline to exercise discretion to consider it for two reasons. First, an issue raised for the first time in an appellant's reply brief generally will not be considered on appeal. ORAP 5.45(1) provides:
"Assignments of error are required in all opening briefs of appellants and cross-appellants. No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may, in its discretion, consider a plain error."
We have long held that arguments raised for the first time in a reply brief normally will not be considered. State ex rel Juv. Dept. v. N. L. D. , 240 Or. App. 132, 136, 246 P.3d 54 (2010) ("Second, in his reply brief, youth asserts that the juvenile court committed plain error by ordering him to pay restitution to the account. Generally, we do not consider arguments raised for the first time in a reply brief."); Belgarde v. Linn , 205 Or. App. 433, 438, 134 P.3d 1082, rev. den. , 341 Or. 197, 140 P.3d 580 (2006) ("We do not consider arguments for reversal of a trial court ruling raised for the first time in a reply brief."); Clinical Research Institute v. Kemper Ins. Co. , 191 Or. App. 595, 608, 84 P.3d 147 (2004) ("Moreover, regardless of whether the alternative theory of error was *469 preserved, plaintiff failed to raise it in its opening brief on appeal."); Hayes Oyster Co. v. Dulcich , 170 Or. App. 219, 237 n. 20, 12 P.3d 507 (2000) (rejecting issue raised for the first time in a reply brief). *421 Additionally, although the motion and order to show cause filed in this case would normally institute remedial contempt proceedings-proceedings where procedural safeguards less than those involved in punitive contempt are at play-the record shows that defendant did, in fact, receive the full panoply of procedural protections appropriate to punitive contempt. ORS 33.065(5) ("[A]ll proceedings on the accusatory instrument shall be in the manner prescribed for criminal proceedings."). Thus, the ends of justice do not require that we exercise our discretion to review the matter as plain error.
Affirmed.