Argued and submitted April 2, affirmed May 5, petition for review denied
October 14, 2021 (368 Or 637)

David ROBERTS,
*Plaintiff-Appellant,*

*v.*

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
*Defendant-Respondent.*

Multnomah County Circuit Court
19CV13470; A173209

488 P3d 834

Terence L. Thatcher, Judge pro tempore.

Dean Heiling argued the cause for appellant. Also on the briefs was Heiling Dwyer Fernandes.

Ralph C. Spooner argued the cause for respondent. Also on the brief were David E. Smith and Spooner & Much, PC.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Plaintiff was injured in a single-car accident while a passenger in a car insured by defendant State Farm Mutual Automobile Insurance Company. State Farm paid plaintiff $25,000—the liability limits of the policy—for his injuries. Because that amount did not cover the full amount of plaintiff's damages, he demanded that State Farm pay him an additional $25,000 from the policy's underinsured motorist (UIM) coverage. State Farm declined because, under its policy, an uninsured or underinsured vehicle does not include a vehicle insured by the policy, that is, a vehicle "whose ownership, maintenance, or use is provided Liability Coverage by this policy."

That led to this action, in which plaintiff contends that State Farm's exclusion from UIM coverage of injuries resulting from the insured vehicle violates the Oregon statutes governing UIM coverage. Relying in part on our decision in *Wright v. State Farm Mutual Auto. Ins. Co.*, 152 Or App 101, 112-13, 952 P2d 73 (1998) (*Wright I*), *rev'd in part on other grounds*, 332 Or 1, 22 P3d 744 (2001) (*Wright II*), the trial court granted summary judgment to State Farm.

On appeal, plaintiff reiterates the arguments he made below, arguing that we should construe the Oregon statutes governing UIM coverage to require State Farm to provide UIM coverage for injuries resulting from the insured vehicle where, as here, the liability limits of the policy are insufficient to cover all damages incurred. That argument, however, is contrary to how we construed the statutes in *Wright I*. There, we rejected an argument virtually identical to the one plaintiff presses here, concluding that "applying the 'insured vehicle' exclusion, [ORS 742.504(2)(L)(A)], to UIM coverage is fully consonant with the statutory scheme and, particularly, with ORS 742.502(4)." *Wright I*, 152 Or App at 114; *see also* William J. Schermer, 3 *Auto Liability Ins. 4th* § 39.3 (2020) (noting approaches by different states and that, under our decision in *Wright I*, Oregon enforces the exclusion of a "vehicle insured under the policy's liability coverages from the definition of an uninsured/underinsured motor vehicle"). Although the Supreme Court later reversed our decision in *Wright II* in part on other grounds, it did not

displace that portion of our decision. *See generally Wright II*, 332 Or 1.

In his opening brief, plaintiff did not address *Wright I* or otherwise demonstrate that it is appropriate for us to abandon our own prior precedent. In his reply brief, defendant argues for the first time that the Supreme Court's decision in *Vogelin v. American Family Mutual Ins. Co.*, 346 Or 490, 213 P3d 1216 (2009), has called *Wright I* into question. But *Vogelin* did not address the specific issue at hand and, to the extent plaintiff's argument in reply is that we should reconsider *Wright I* in light of *Vogelin*, that argument comes too late. *See State v. Murga*, 291 Or App 462, 468, 422 P3d 417 (2018) ("We have long held that arguments raised for the first time in a reply brief normally will not be considered."). In all events, *Wright I* has been the final word on the issue since 1998, and no intervening case law has called into question our decision in any clear way. Under those circumstances, plaintiff's challenge to *Wright I* may be more suitably directed to the Supreme Court than to us.

Affirmed.