164 May 28, 2026 No. 471

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Olga KOLOTOV,
*Plaintiff-Respondent,*

*v.*

Alexsander KOLOTOV,
*Defendant-Appellant.*

Clackamas County Circuit Court
24CN04020; A187052

Ann M. Lininger, Judge.

Submitted April 14, 2026.

Alexsander Kolotov filed the brief *pro se.*

No appearance for respondent.

Before Shorr, Presiding Judge, O'Connor, Judge, and Walters, Senior Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Husband appeals from a judgment of contempt and money award for failing to pay child support and a $30,000 equalizing judgment to wife included in the general judgment of dissolution of marriage. Husband raises four assignments of error. We affirm for the following reasons.

We decline to review *de novo* because this is not an exceptional case that merits exercising our discretion to review *de novo*. *See* ORS 19.415(3)(b) (granting this court discretion to review *de novo*); ORAP 5.40(8) (limiting exercise of *de novo* review to exceptional cases). Therefore, we review the trial court's factual findings for any supporting evidence and its legal conclusions for legal error. *State ex rel S. M. v. A. S.*, 223 Or App 421, 425, 196 P3d 26 (2008).

In his first through third assignments of error, husband argues that the trial court erred when it denied his request to dismiss the contempt matter. In his first assignment, husband argues that ORS 33.055 and UTCR 19.020(2) required wife to file a motion regarding the contempt complaint in the dissolution matter, which she failed to do, and thus the trial court lacked subject matter jurisdiction over the contempt matter.

"Whether a court has subject-matter jurisdiction over a particular proceeding is generally a question of law which we review for legal error." *State v. Hill*, 277 Or App 751, 763, 373 P3d 162, *rev den*, 360 Or 568 (2016). Assuming, for the sake of argument, that wife had failed to comply with ORS 33.055 and UTCR 19.020(2), that procedural defect would not deprive the trial court of subject matter jurisdiction. "Subject matter jurisdiction is the authority to deal with the general subject involved." *State v. Murga*, 291 Or App 462, 466, 422 P3d 417 (2018). The circuit court here has subject matter jurisdiction over contempt actions. Thus, any procedural defect in the filing of the contempt action did not deprive the court of subject matter jurisdiction. *Id*. at 467 (explaining that a defect in the initiation of a contempt action did not deprive the circuit court of subject matter jurisdiction).

In his second assignment of error, husband argues that the trial court lacked personal jurisdiction over him

because he resided in a different state. Personal jurisdiction is a question of law that we review for legal error. *Adams and Adams*, 173 Or App 242, 245, 21 P3d 171 (2001). Husband does not contest that the trial court had personal jurisdiction over him in the dissolution matter. The court entered the judgment in the contempt action to enforce its judgment in the dissolution matter. Under ORCP 4 L, personal jurisdiction exists "in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States." We conclude that in this case personal jurisdiction over husband is consistent with constitutional standards. *See Albar and Najjar*, 292 Or App 146, 152-59, 424 P3d 774, *rev den*, 363 Or 677 (2018) (so concluding in dissolution case where the parties had lived in Oregon and the father moved outside of the United States). Accordingly, ORCP 4 L provided the trial court with personal jurisdiction over husband for the purpose of resolving his obligations arising from the dissolution matter, which includes the contempt proceeding that arose out of the general judgment in the dissolution matter.

Husband might mean to argue that the trial court lacked personal jurisdiction because he was not properly served in the contempt matter, which is his third assignment of error. We also reject that argument. Failure of service may deprive a trial court of personal jurisdiction. *See Alloway and Duncan*, 165 Or App 624, 629, 996 P2d 1010 (2000) ("Summons must be served on the defending party pursuant to ORCP 7 D in order to acquire personal jurisdiction."). We review whether service was adequate for errors of law. *Willamette River I v. Boespflug*, 312 Or App 558, 563, 494 P3d 980, *rev den*, 368 Or 561 (2021). We are bound by the trial court's factual findings on that issue if they are supported by evidence in the record. *Id*. Husband argues that he was served with only three pages of documents initiating the contempt proceeding but not with the declaration or the order to show cause. However, the trial court expressly found that service was complete and that husband was personally served by a process server with the complaint, declaration, and order to show cause for contempt regarding the contempt proceeding. That finding is supported by the

certificate of service in the record that was filled out and signed by the process server. Thus, under our standard of review, we are bound by the trial court's finding that service was complete. Therefore, we reject husband's third assignment of error.

In his fourth assignment of error, husband argues that "the trial court erred as a matter of law by failing to act as problems with interpretation became apparent through numerous exchanges throughout the trial." Husband failed to preserve that argument in the trial court. He requests plain error review on appeal. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("[g]enerally, an issue not preserved in the trial court will not be considered on appeal" however, we have discretion to correct a "plain" error under ORAP 5.45(1)). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). When an error is plain, we may exercise our discretion to correct it. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006). The record before us on appeal does not demonstrate problems with the interpreters before the trial court; it certainly does not establish a trial court error that is obvious or not reasonably in dispute. Accordingly, we affirm the trial court's judgment of contempt.

Affirmed.