Argued and submitted December 21, 1979, affirmed
February 11, reconsideration denied March 20,
petition for review allowed May 1, 1980

STATE OF OREGON,
*Respondent,*
*v.*
JOE MORONEY,
*Appellant.*

(No. 35883, CA 14755)

606 P2d 212

Robert M. Johnstone, McMinnville, argued the cause for appellant. With him on the brief was Cushing, Johnstone & Peterson, P.C., McMinnville.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

CAMPBELL, J.

**CAMPBELL, J.**

Defendant appeals from his conviction, after trial to the court, of menacing, ORS 163.190. He assigns as error: (1) the trial court's denial of his pretrial motion for dismissal of the indictment based on the delay between the acts of which he was accused and the return of the indictment, in violation of his right to due process; and (2) the denial of his motion for acquittal and the trial court's ruling that menacing is a lesser included offense of assault in the second degree, ORS 163.175, the crime of which defendant was accused by the indictment. We affirm.

The Due Process Clause of the Fourteenth Amendment requires dismissal of an indictment where defendant shows that (1) a preindictment delay caused substantial prejudice to defendant's right to a fair trial; and (2) the delay was taken to gain a tactical advantage over the accused. *United States v. Lovasco,* 431 US 783, 97 S Ct 2044, 52 L Ed 2d 752 (1977); *United States v. Marion,* 404 US 307, 92 S Ct 455, 30 L Ed 2d 468 (1971); *State v. Harris,* 37 Or App 431, 587 P2d 498 (1978); *State v. Toth,* 30 Or App 285, 566 P2d 1218, *rev den* (1977). In the present case, the incident out of which defendant's conviction arose occurred on June 4, 1978. The grand jury returned the indictment against him November 30, 1978. Thus, there was a preindictment delay of nearly six months. In such a delay inheres the possibility of prejudice. *See, e.g., State v. Harris, supra.* Even assuming that the delay here substantially prejudiced defendant in presenting his case, however, defendant did not show that the delay was taken to gain a tactical advantage over defendant. Defendant's evidence at the pretrial hearing on the motion to dismiss showed that after the incident, the victim, Bud Valian, contacted a private attorney, Philip Ringle, who reported the incident to the district attorney. Subsequently, due to his work on a fishing boat, Valian missed an appointment to discuss the case with the district attorney. The case was

again brought to the attention of Deputy District Attorney Bernt Hansen in early August 1978 by Ringle, who asked Hansen to pursue a criminal prosecution. Noting that "the case had not been investigated in the normal course in that the victim did not appear for interview after the assault had taken place," Hansen asked Ringle to send information regarding the statements of witnesses. Hansen received a letter dated August 10th containing this information. He telephoned Valian and told him that in order to prosecute the case as a felony, the state would need medical testimony that Valian sustained serious physical injury. Valian was told to obtain from his doctor a letter addressing that issue. Valian later delivered a letter to Hansen, dated September 1, 1978. The prosecution presented the case to the grand jury on September 6, 1978, where Valian testified and the letter was introduced. The grand jury directed the prosecution to bring in other witnesses, including one who had been unavailable on September 6th. The case was not presented to the October grand jury, since the grand jury's docket was full. Hansen testified that the case could have been substituted for another but that he did not recall whether at that time the prosecution had made firm arrangements with the witnesses.

On November 30, 1978, the prosecution again presented the case, calling as witnesses the victim, his doctor and two others. On that date the grand jury returned the indictment.

Defendant argues that the decision not to present the case to the October Grand Jury was an intentional delay which, combined with the prejudice to his defense, violated his right to due process. The defendant did not produce, and the record does not show, any evidence that the delay was taken in bad faith by the state to impair the defense. Rather, the delay was the result of a number of factors, including indecision by the victim whether to pursue the matter; difficulties in communicating with the victim due to his work on a

[516]

fishing boat; a short delay in obtaining necessary medical evidence; difficulty in arranging for the appearance of witnesses; and the crowded docket of the grand jury. Thus, at least part of the delay was for purposes of investigation of the case by the district attorney to determine whether and how the case should be prosecuted. "[T]o prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." *United States v. Lovasco, supra,* 431 US at 796, 97 S Ct at 2051, 52 L Ed 2d at 763. *See State v. Harris, supra.* We conclude that the delay here did not deprive defendant of due process.

We turn to defendant's second assignment of error. In *State v. Rainwater,* 26 Or App 593, 553 P2d 1085 (1976), the court held that menacing is a lesser included offense of attempted murder, ORS 163.115.[1] Although second degree assault requires an intent to cause serious physical injury to another rather than an intent to cause death as under ORS 163.115, this difference is insufficient to distinguish this case from *Rainwater.*

Affirmed.

---

[1] ORS 163.175(1)(a) provides:

"Intentionally or knowingly causes serious physical injury to another; * * *"