Argued and submitted June 3, reversed September 10, 1980

## STATE OF OREGON,
*Respondent,*

*v.*

## JOE MORONEY,
*Petitioner.*

## (CA 14755, SC 26879)
616 P2d 471

Robert M. Johnstone, of Cushing, Johnstone & Peterson, P.C., McMinnville, argued the cause and filed briefs for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Denecke, Chief Justice, and Tongue, Howell, Lent, Linde, Peterson, Justices.

HOWELL, J.

## HOWELL, J.

Defendant was indicted for the crime of assault in the second degree, ORS 163.175. In a trial before the court the defendant was found not guilty of assault in the second degree but guilty of menacing under ORS 163.190. In the Court of Appeals defendant argued that the trial court erred in finding that menacing was a lesser included offense of assault in the second degree. The Court of Appeals affirmed the trial court, 44 Or App 513, 606 P2d 212 (1980). We granted review.

On June 3, 1978, defendant joined a party at the Sheridan airport. The party was very noisy and much liquor was consumed. Around midnight a fight broke out between two individuals which immediately involved others at the party, including defendant. There was evidence that defendant struck another participant with his fist. The grand jury of Yamhill County indicted defendant for the crime of assault in the second degree, charging that defendant "did unlawfully and intentionally cause serious physical injury to [another person] by striking [that person] in face and head with his hands and feet * * *."

The trial court found the defendant not guilty of assault in the second degree because defendant's conduct did not rise to the level of a felonious assault. The trial court, however, decided that defendant had engaged in criminal conduct and therefore found defendant guilty of menacing.[1] Defendant contends that menacing is not a lesser included offense of assault in the second degree.

According to ORS 136.465:

---

[1] The trial court surmised that the prosecutor had "overcharged" defendant in the indictment in order to strengthen the state's position in plea bargaining. Because the facts of the case were "remarkably similar to the typical misdemeanor tavern brawl * * * *minus* the tavern," the trial court believed that defendant had engaged in criminal conduct that "should not be allowed to escape the scrutiny of the criminal justice system."

"In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the accusatory instrument or of an attempt to commit such crime."

This court discussed ORS 136.465 in *State v. Washington,* 273 Or 829, 543 P2d 1058 (1975). We explained:

"That statute relates to lesser offenses which are not merely lower degrees of the crime charged but are either necessarily included in the statutory definition of the crime * * * or expressly included in the criminal offense as charged in the indictment * * *." 273 Or at 835.

The question before this court, therefore, is whether the crime of menacing, ORS 163.190, is either (1) necessarily included in the statutory definition of the crime of assault in the second degree, ORS 163.175, or (2) expressly included in the crime as charged in the indictment.

The crime of menacing, ORS 163.190, is defined as follows:

"(1) A person commits the crime of menacing if by word or conduct he intentionally attempts to place another person in fear of imminent serious physical injury."

A key element in the crime of menacing, therefore, is that the accused intended to place another person *in fear of* imminent serious physical injury.

Assault in the second degree, ORS 163.175, is defined as follows:

"(1) A person commits the crime of assault in the second degree if he:

"(a) Intentionally or knowingly causes serious physical injury to another; or

"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or

"(c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon

under circumstances manifesting extreme indifference to the value of human life.

" * * * * ."

Comparing the statutory definitions of the two crimes, we find that the crime of assault in the second degree does not necessarily contain the element of placing another person in fear of imminent physical injury.

Neither was the crime of menacing included in the indictment. The indictment alleged that defendant had intentionally caused serious physical injury. The indictment did not allege, however, that defendant had attempted to place another in fear of imminent serious physical injury.

We therefore conclude that in the instant case menacing was not a lesser included offense of assault in the second degree.

Reversed.