Argued and submitted July 26, affirmed November 2, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES ROBERT NEWMAN,
*Defendant-Appellant.*

Multnomah County Circuit Court
080532364; A142837

265 P3d 86

Jesse Wm. Barton argued the cause and filed the brief for appellant.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Ortega, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.*

ORTEGA, P. J.

* Brewer, C. J., *vice* Carson, S. J.

## ORTEGA, P. J.

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010. He assigns error to the trial court's refusal to allow evidence that he was "sleep-driving." The trial court excluded defendant's evidence on the ground that it was not relevant because DUII is a strict liability offense. Because we agree that DUII is a strict liability offense, we conclude that the trial court properly excluded defendant's evidence and, accordingly, we affirm.

The relevant facts, undisputed for purposes of evaluating defendant's assignment of error, are as follows. Defendant met his friends for dinner one evening and, anticipating that he would drink alcohol at dinner, left his car parked by his apartment and walked to the restaurant. Thereafter, defendant's friends drove him home, and he went to sleep. Later that evening, a police officer followed defendant's car and observed defendant make a left-hand turn without signaling or stopping, run a red light, and drive down the middle of a street, straddling the two traffic lanes. The officer then activated his overhead lights to initiate a traffic stop and, in response, defendant pulled into a parking lot. The officer approached defendant's car, smelled a strong odor of alcohol, and observed defendant's bloodshot, watery eyes and slow, slurred speech. Defendant agreed to perform field sobriety tests and, after failing them, was taken into custody. At the police station, defendant consented to a Breathalyzer test, which revealed that he had a blood alcohol level of 0.15 percent.

At trial, defendant admitted that he was intoxicated but sought to present evidence that he did not consciously drive or control his car. He testified that he was not aware of leaving his apartment, going to his car, starting the car, or driving it. According to defendant, after he went to sleep that evening, the next thing he was aware of was the police car lights flashing behind him. Defendant argued that his evidence was admissible pursuant to ORS 161.085 and ORS 161.095 because, under those statutes, criminal liability requires a voluntary act. Additionally, defendant asserted a

due process right to present his sleep-driving defense.[1] The trial court excluded his proffered evidence on the ground that it was not relevant because DUII is a strict liability offense.

On appeal, defendant generally reasserts the arguments that he made to the trial court and additionally argues that, because the driving element of attempted DUII carries the mental state of "intentionally," the driving element of the greater offense of DUII also carries that mental state and, therefore, DUII is not a strict liability offense. The state asserts, as it did to the trial court, that the sleep-driving evidence is not relevant because the Supreme Court held in *State v. Miller*, 309 Or 362, 788 P2d 974 (1990), that the legislature intended for DUII to be a strict liability crime and, accordingly, it does not require a culpable mental state.

We review a trial court's refusal to allow a defendant to present a defense for errors of law. *State v. Arellano*, 149 Or App 86, 90, 941 P2d 1089 (1997), *rev dismissed*, 327 Or 555 (1998). Whether the trial court properly construed and applied the DUII statute is a question of statutory construction. We examine the text of the statute in context, along with any relevant legislative history, to discern the legislature's intent. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

ORS 813.010 provides, in pertinent part:

"(1)   A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"(a)   Has 0.08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood of the person made under ORS 813.100, 813.140 or 813.150;

"(b)   Is under the influence of intoxicating liquor, a controlled substance or an inhalant; or

"(c)   Is under the influence of any combination of intoxicating liquor, an inhalant and a controlled substance."

---

[1] We reject defendant's due process argument without further discussion.

Defendant's arguments focus on two statutes: ORS 161.085, which generally provides for and defines mental states, and ORS 161.095, which provides:

> "(1)  The minimal requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which the person is capable of performing.
>
> "(2)  Except as provided in ORS 161.105, a person is not guilty of an offense unless the person acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state."

Although defendant generally reasserts that the evidence he sought to offer was relevant both to whether he committed a voluntary act for purposes of ORS 161.095(1) and whether he acted with a culpable mental state for purposes of ORS 161.095(2), he does not develop his argument as to the former. Rather, his arguments go to the issue of culpable mental state.

Although, generally, a culpable mental state is required for criminal liability under ORS 161.095, a statute outside the Oregon Criminal Code may create a strict liability crime if it was enacted after January 1, 1972, and *"clearly indicates* a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof." ORS 161.105 (emphasis added). Because the current DUII statute, ORS 813.010, was enacted after January 1, 1972, the relevant question is whether the legislature clearly intended to dispense with any culpable mental state requirement for that crime. The Supreme Court in *Miller* held that

> "[t]he *offense of DUII* does not nor has it ever required proof of a culpable mental state. The *statute as enacted in* 1917, Or Laws 1917, ch 29, § 1, has been amended several times. Never in the 70-year history of this state's legislation has one word been written in any DUII statute to require such proof. Never has this court interpreted any DUII statute to require such proof. We have not found where any witness appearing before any legislative committee considering DUII statutes asserted that a culpable mental state would be required for any element of the offense.

"DUII is an offense defined outside the Oregon Criminal Code, and the legislative history, in the sense that no one ever considered such a procedural stumbling block, indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any of its material elements."

309 Or at 368 (emphasis added).

Defendant contends that, because the only question before the court in *Miller* was whether the element of being under the influence of an intoxicant required a culpable mental state, the holding is restricted to that element and does not extend to the element of driving.[2] As emphasized above, however, the *Miller* court examined the legislative history of the *offense* of DUII, not merely the intoxication element of DUII, and noted "a legislative intent to dispense with any culpable mental state requirement for the offense or for any of its material elements" as part of a concerted "legislative effort to improve public safety by getting tougher on DUII offenders." *Id.* at 368-69.

In addition, defendant supports his claim that a proper construction of the DUII statute establishes that the driving element carries a culpable mental state requirement by proposing the following syllogism: (1) The elements of a greater crime subsume all elements of a lesser-included crime, *State v. Moroney*, 289 Or 597, 616 P2d 471 (1980); (2) attempted DUII is a lesser-included offense of DUII, *State v. Baty*, 243 Or App 77, 259 P3d 98 (2011); (3) attempt requires that a person "intentionally [engage] in conduct which constitutes a substantial step toward commission of the crime," ORS 161.405(1); (4) therefore, the greater crime of DUII must subsume the intentional element of attempted DUII, and DUII must include a culpable mental state.

Defendant's initial premise, however, is incorrect as he attempts to apply it to attempt to commit the charged

---

[2] Defendant supports that contention by arguing that the court overlooked some of its own case law concerning the deterrent purpose of DUII statutes and that requiring a culpable mental state is consistent with that policy goal. Defendant's arguments for reconsidering *Miller* are properly addressed to the Supreme Court, not to this court.

crime as opposed to lesser-included offenses that are necessarily included in the charged crime. ORS 136.465 provides, "In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument *or* of an attempt to commit such crime." (Emphasis added.) *Moroney* applied the first part of ORS 136.465, addressing whether the crime of menacing was "necessarily included" in the crime of second-degree assault; it did not address attempt. Nothing in *Moroney* suggests that all elements of attempt, or the specific element of intentional conduct, must be subsumed in every greater crime. Indeed, such a reading of ORS 136.465 would be inconsistent with the legislature's choice to establish different culpable mental states. *See* ORS 161.085 (providing for mental states of intentionally, knowingly, etc.) for each. If defendant's construction of ORS 136.465 were correct, an attempt crime under ORS 161.405(1) would import an intentional mental state into every crime, even where the legislature has expressly provided for a different mental state. We presume that the legislature would not have intended such an absurd result.

Accordingly, we agree with the trial court that DUII is a strict liability offense and that, therefore, the evidence concerning defendant's mental state is irrelevant.

Affirmed.