Submitted June 19, 2013, reversed February 12, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN NATHANIEL BAX,
*Defendant-Appellant.*

Washington County Circuit Court
C101720CR; A148689

323 P3d 303

Peter Gartlan, Chief Defender, and Jonah Morningstar, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Tookey, Judge, and Schuman, Senior Judge.

TOOKEY, J.

## TOOKEY, J.

Defendant was charged with criminal mischief in the second degree under ORS 164.354(1)(b).[1] The indictment alleged that defendant, "having no right to do so nor reasonable ground to believe that [he] had such right, did unlawfully and intentionally damage property of [another person]." The charge was tried to the court, which found defendant guilty of criminal mischief in the third degree, as a lesser-included offense. A person commits third-degree criminal mischief if the person "with intent to cause substantial inconvenience to the owner or to another person, and having no right to do so nor reasonable ground to believe that the person has such right, the person tampers or interferes with property of another." ORS 164.345(1). Defendant appeals, arguing that third-degree criminal mischief is not a lesser-included offense of second-degree criminal mischief under ORS 164.354(1)(b), as charged in this case. We agree and therefore reverse.

The facts relevant to our consideration of this case are largely procedural. Defendant was charged with criminal mischief in the second degree, ORS 164.354(1)(b), and resisting arrest, ORS 162.315, after he became intoxicated and damaged a window while trying to enter another person's house. The criminal mischief charge was tried to the court and the resisting arrest charge was tried to a jury. The trial court found defendant not guilty of second-degree criminal mischief, but found him guilty of third-degree criminal mischief, ORS 164.345, a crime with which defendant had not been expressly charged. The jury then found defendant not guilty of resisting arrest. This exchange followed:

"DEFENSE:   Your Honor, at this time we have a motion for Arrest of Judgment on a Criminal Mischief Three.

---

[1] ORS 164.354 provides, in relevant part:

"(1) A person commits the crime of criminal mischief in the second degree if:

"(a) The person violates ORS 164.345, and as a result thereof, damages property in an amount exceeding $500; or

"(b) Having no right to do so nor reasonable ground to believe that the person has such right, the person intentionally damages property of another, or, the person recklessly damages property of another in an amount exceeding $500."

"* * * * *

"DEFENSE:    An arrest of judgment on that—

"* * * * *

"DEFENSE:    —on that finding by the Court. I'm primarily looking at *State v. Barrie*, that's B-A-R-R-I-E; 227 [Or App] 378. It's a case from 2009. Criminal Mischief Two has a lesser included of Criminal Mischief in the Third Degree under section A of that; it's the difference of $500. That makes the difference between Criminal Mischief Two and Criminal Mischief Three. However, [defendant] was charged under part B, that involves that a person intentionally damages property of another. This is a very different mental state than that in the section—well, in 164.345, which is with intent to cause substantial inconvenience.

"The argument being that this is not under 136.465, a verdict where it's necessarily included. They're two separate specific intent crimes. So we would argue that the overriding principles of due process show that [defendant] had no notice that the Court was considering this lesser included, as we did not know that we needed to be arguing that there was no specific intent to cause substantial inconveniences [*sic*] to the [property owners]. We were simply arguing under the Criminal Mischief Two, specific intent of intent to damage—specific intent to damage property. In this case, it's similar occurrences here where the Court is the trier of fact, and (Inaudible) truthful lesser included. In this kind of an instance where there is no notice to the defendant that they would be choosing a lesser included that involves a very separate mental state, they don't have the proper notice to make that argument. And, we ask that that judgment be set aside at this time.

"COURT:    Denied. [Prosecutor], do you have anything to put on the record?

"STATE:    No, your Honor.

"COURT:    Alright, does your client want to proceed to sentencing?

"DEFENSE:    Yes, your Honor."

The trial court entered a judgment of conviction for third-degree criminal mischief, as a lesser-included offense of the crime charged.

On appeal, defendant renews the arguments that he made below—that (1) a defendant may be convicted of a crime only if he or she is charged with the crime or it is a lesser-included offense of the charged crime; and (2) third-degree criminal mischief is not a lesser-included offense of second-degree criminal mischief under ORS 164.354(1)(b) because it requires a specific intent that the charged offense does not.

In response, the state argues that the trial court properly denied defendant's motion because a motion in arrest of judgment was not the proper way to raise this issue to the trial court. The state adds that, if defendant had raised the issue in an appropriate way, he would have been entitled only to a new trial or reconsideration by the trial court, not outright acquittal.

The state is correct that, under ORS 136.500, a motion in arrest of judgment is appropriate in only two cir-cumstances—when "the grand jury by which [the indictment] was found had no legal authority to inquire into the crime charged because the same is not triable within the county," ORS 135.630(1), or "the facts stated [in the accusatory instrument] do not constitute an offense," ORS 135.630(4). Defendant does not argue that the accusatory instrument or indictment contained a flaw that would justify granting his motion in arrest of judgment. Indeed, defendant does not actually assign error to the denial of his motion in arrest of judgment—rather, he asserts that "[t]he trial court erred in entering a judgment of conviction for third-degree criminal mischief." That is, defendant raises a substantive issue that is not properly the subject of a motion in arrest of judgment: whether the trial court erred when it announced a guilty verdict and subsequently entered a judgment of conviction for a crime with which defendant was not charged.

Thus, the parties' arguments are somewhat at cross-purposes. Both acknowledge that defendant "preserved" this issue, insofar as he made a clear argument to the trial court as to why the verdict was legally incorrect. The preliminary issue on appeal, though, in light of the state's response, is whether defendant's mislabeling of his legal argument in the trial court as a motion in arrest of judgment is fatal to

his claim on appeal that the trial court erred in entering a judgment of conviction for criminal mischief in the third degree. We conclude that it is not. Defendant made a timely legal argument—shortly after the verdicts were announced, and before the conclusion of the trial—that the verdict for criminal mischief in the third degree was legally incorrect. The fact that he prefaced that argument with an incorrect reference to a "motion for Arrest of Judgment" does not, at least under the circumstances of this case, preclude him from arguing on appeal that the trial court erred in rejecting his legal argument. *Cf. Mueller v. Benning*, 314 Or 615, 620, 841 P2d 640 (1992) (mislabeled pleading that clearly stated cognizable claim for relief over which trial court had jurisdiction should be considered on its merits).

We now turn to the merits of defendant's argument. A defendant may be convicted of a crime not expressly charged in the accusatory instrument if that crime is a lesser-included offense of a charged crime. ORS 136.465 ("In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument or of an attempt to commit such crime."). A crime is a lesser-included offense of another crime if it is (1) "necessarily included in the statutory definition of the crime"; or (2) "expressly included in the crime as charged in the indictment." *State v. Moroney*, 289 Or 597, 600, 616 P2d 471 (1980).

Defendant was charged with second-degree criminal mischief under ORS 164.354. That statute provides, in relevant part:

"(1)    A person commits the crime of criminal mischief in the second degree if:

"(a)    The person violates ORS 164.345, and as a result thereof, damages property in an amount exceeding $500; or

"(b)    Having no right to do so nor reasonable ground to believe that the person has such right, the person intentionally damages property of another, or, the person recklessly damages property of another in an amount exceeding $500."

Specifically, the indictment alleged that defendant, "having no right to do so nor reasonable ground to believe that the defendant had such right, did unlawfully and intentionally damage property of [property owner]." As noted, the trial court acquitted defendant of second-degree criminal mischief but convicted him of third-degree criminal mischief under ORS 164.345. That statute provides, in relevant part:

> "(1)   A person commits the crime of criminal mischief in the third degree if, with intent to cause substantial inconvenience to the owner or to another person, and having no right to do so nor reasonable ground to believe that the person has such right, the person tampers or interferes with property of another."

Thus, the two statutes involve different criminal purposes: ORS 164.354(1)(b), under which defendant was charged, requires the state to prove that defendant "intentionally damage[d] property of another"; in contrast, ORS 164.345(1), under which defendant was convicted, requires the state to prove that defendant intended "to cause substantial inconvenience to the owner [of the property] or to another person."[2]

We conclude that third-degree criminal mischief is not a lesser-included offense of second-degree criminal mischief, as charged in this case. First, the crime of third-degree criminal mischief is not "necessarily included in the statutory definition of" second-degree criminal mischief because ORS 164.345(1) requires the state to prove an element that ORS 164.354(1)(b) does not—that the defendant acted with intent to cause substantial inconvenience to the property's owner or another person. *Moroney*, 289 Or at 600; *see State v. Arney*, 233 Or App 148, 155, 225 P3d 125 (2010) (second-degree failure to appear is not a lesser-included offense of first-degree failure to appear because the former requires proof of nonappearance on a misdemeanor charge, while the latter requires nonappearance on a felony charge). Second, third-degree criminal mischief is not "expressly included in the crime as charged in the indictment." *Moroney*, 289 Or

---

[2] As defendant notes, third-degree criminal mischief is a lesser-included offense of second-degree criminal mischief under ORS 164.354(1)(a) (violating ORS 164.345, the third-degree criminal mischief statute, and damaging property in an amount exceeding $500). However, according to the facts alleged in the indictment, defendant was charged under ORS 164.354(1)(b), not ORS 164.354(1)(a).

at 600. The indictment alleged that defendant committed second-degree criminal mischief when he, "having no right to do so nor reasonable ground to believe that the defendant had such right, did unlawfully and intentionally damage property of [another person]." The indictment did not allege, however, that defendant intended to cause substantial inconvenience to the property owner or another person—a required element of third-degree criminal mischief. Thus, third-degree criminal mischief is not a lesser-included offense of second-degree criminal mischief, as charged in this case.

Because we conclude that third-degree criminal mischief is not a lesser-included offense of second-degree criminal mischief, as charged in this case, the trial court erred when it convicted defendant of third-degree criminal mischief. Defendant is entitled to reversal of that erroneous conviction.

Reversed.